UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD NASSIRI, *et al.*, | CASE NO. 15cv0583-WQH-NLS |
| Plaintiffs, | |
| vs. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, Social Security Administration; SSA AGENT NICK; SSA-AGENT 2; and OTHER SSA ARMED AGENTS, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss First Amended Class Action Complaint filed by Defendant Carolyn Colvin (ECF No. 19) and the Motion to Amend Complaint filed by all Plaintiffs (ECF No. 35).

I. Background

On March 14, 2015, Plaintiffs Mohammad Nassiri, Anh Thai, Diep Thi Nguyen, and Ahmed Mohamed Jeylani commenced this action by filing a Complaint (ECF No. 1), naming Caroline Colvin, "SSA Agent Nick," and "SSA-Agent 2" as Defendants, and motions to proceed in forma pauperis (ECF Nos. 2, 3, 4, 5). On May 12, 2015, Plaintiffs filed the First Amended Class Action Complaint ("FAC"), which is the operative pleading in this case. (ECF No. 15). The FAC drops Ahmed Mohamed Jeylani as a Plaintiff and joins Tho Van Ha, Duc Huynh, Don Doan, Tommy Nguyen,

1  Trai Chau, and Hoi Cuu Quan Nhan VNCH as Plaintiffs.  (ECF No. 15).  On May 26,

2  2015, Defendant Carolyn Colvin filed the Motion to Dismiss First Amended Class

3  Action Complaint, brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and

4  12(b)(6).  (ECF No. 19).   On July 23, 2015, Plaintiffs filed an opposition and the

5  Motion to Amend Complaint.  (ECF No. 35).  On August 5, 2015, Defendant Colvin

6  filed a reply in support of the Motion to Dismiss.  (ECF No. 39).  On August 10, 2015,

7  Defendant Colvin filed an opposition to the Motion to Amend Complaint.  (ECF No.

8  40).  On August 17, 2015, Plaintiffs filed a request for judicial notice in support of their

9  opposition to the motion to dismiss.  (ECF No. 41).   On August 17, 2015, Plaintiffs

10  filed a reply in support of the Motion to Amend Complaint, accompanied by a proposed

11  second amended complaint.  (ECF No. 42).

12  **II.  Allegations of the FAC**

13      "This is a case of the government's tampering with evidence and obstructing

14  justice by waging an ongoing campaign of harassment and intimidation, and, as a result,

15  creating fear and terror in the Vietnamese, Iranian and Somalian community of refugees

16  and immigrants.  Since plaintiffs filed affidavits in the class action *Diep Nguyen, Anh*

17  *Thai, et al. v. SSA*, 13-2036 (S.D. Cal. 2003) [sic], *appeal pending*, 14-55514 (9th Cir.

18  2014), they have been the subject of a campaign of intimidation by agents and

19  employees of the Social Security Administration...."  (ECF No. 15 at 2).

20      After Plaintiff Thai filed affidavits in *Anh Thai, et al. v. SSA*, 13-cv-2036 (S.D.

21  Cal. 2013) (the "Prior Action"), "the SSA initiated a campaign of harassment and terror

22  against her." *Id.* at 9.  In December 2013 and January 2014, two armed Social Security

23  Administration ("SSA") agents "barged into" Plaintiff Thai's home "without warning"

24  and questioned her.  *Id.* at 9-10.  The agents asked her whether she "was really disabled

25  and whether she was required to pay in advance for legal services to her attorney." *Id.*

26  at 9.  The agents "threatened her with dismissal of her case if she refused to answer their

27  questions."  (ECF No. 15 at 9).  Plaintiff Thai went into hiding and remains in hiding.

28

After Plaintiff Diep Nguyen filed an affidavit in the Prior Action, Defendant SSA Agent Nick and SSA Agent 2 went to Plaintiff Diep Nguyen's home and "proceeded to interrogate her about her relationship with her attorney, and whether she actually signed her July 31, 2013 affidavit *as well as the appointment of representative Form SSA-1696.*" *Id.* at 13 (emphasis in original). The agents arrived "without notice" and "without the presence of her attorney...." *Id.* at 13. Plaintiff Diep Nguyen suffered a "nervous breakdown" as a result, which caused her brain tumors to worsen. *Id.* at 14.

Plaintiff Mohammad Nassiri also provided an affidavit in the Prior Action. "SSA continues to harass him by having personnel of Social Security from the Aero Drive office calling him and threatening him with suspension of benefits unless he answered questions about his privileged relationship with his attorney." *Id.* at 15. SSA Agent Nick and SSA Agent 2 "arrived to his home" on January 19, 2015. *Id.* Because Plaintiff Nassiri was not home, they called him and "ordered him to meet them at a near-by coffee shop to question him about his attorney-client relationship." *Id.* at 18. Plaintiff Nassiri suffered a nervous breakdown as a result of the questioning.

Plaintiff Tho Van Ha filed affidavits in the Prior Action. SSA Agent Nick and SSA Agent 2 arrived at his home and "questioned him at length about his 2013 affidavits and attempted to have him recant his 2013 testimony...." *Id.* at 21.

The FAC alleges that Plaintiffs Duc Huu Huynh, Don Doan, and Tommy Nguyen were also "questioned ... at length" "at [their] home[s]" by SSA Agent Nick and SSA Agent 2 "regarding their attorney-client relationship." *Id.* at 23-25.

The FAC alleges generally: "SSA agents misrepresented that they had the authority to order them to answer questions incriminating to them or their counsel without counsel's presence." *Id.* at 27.

"Defendant SSA, as Supervisor of the SSA Armed Agents, SSA Agent Nick and Agent-2, has maintained and implemented an illegal policy of searching plaintiffs without consent" in order to (1) discourage Plaintiffs from applying for Social Security

benefits, (2) "tamper with evidence," and (3) "obstruct justice."[1]  *Id.* at 28.  The SSA sent SSA Agent Nick and SSA Agent 2 to Plaintiffs' homes to "ambush" them and "extract confessions."  *Id.* at 28-29.  Defendants' conduct "evinces a pattern of retaliation against plaintiffs who had previously filed affidavits complaining about SSA conduct."  *Id.* at 32.

Defendant Colvin is sued in her official capacity.  Defendants SSA Agent Nick and SSA Agent 2 are sued in their individual capacities.  Plaintiffs assert the following claims for relief: (1) "Misrepresentation, Fourth Amendment"; (2) violation of the Fifth Amendment Due Process Clause; (3) violation of the Fifth Amendment Equal Protection Clause; (4) "Breach of Ethical Duties-Violation of Social Security Act"; (5) "Interference with Contractual Relationship And Violation of the Attorney-Client Privilege"; (6) "SSA's Ultra Vires Misconduct - Bad Faith"; (7) "Intentional Infliction of Emotional Distress and Physical Abuse"; (8) "Violation of First Amendment Right"; and (9) "Violation of the Administrative Procedure Act."[2]  *Id.* at 36-43.  Plaintiff requests class certification, a preliminary injunction and permanent injunctive relief, declaratory relief, compensatory damages, punitive damages, interest, costs, and attorneys' fees.

**III.  The Prior Action**

Some of Plaintiffs' 2013 affidavits that were filed in the Prior Action are attached as exhibits to the FAC: (1) an April 1, 2013 affidavit by Plaintiff Nassiri; (2) an April 5, 2013 affidavit by Plaintiff Thai; and (3) a July 31, 2013 affidavit by Plaintiff Diep Nguyen.  All three of these affidavits were filed on August 30, 2013 as exhibits to the original complaint in the Prior Action.  *See* S.D. Cal. Case No. 13-cv-02036-WQH-NLS, ECF Nos. 1-9, 1-12, 1-14.

Plaintiffs Thai, Diep Nguyen, Ha, Huynh, Chau, and Hoi Cuu Quan Nhan VHCH

---

[1]  The Social Security Administration ("SSA") is not named as a Defendant.  *See* ECF No. 25 at 5-6.

[2]  The FAC does not specify the Defendants against which each claim is asserted.

were named Plaintiffs in the Prior Action.  Plaintiffs Tommy Nguyen and Doan were not named Plaintiffs in the Prior Action.

The complaint in the Prior Action alleged that "Plaintiffs are poor, disabled and non-English speaking Vietnamese former prisoner [sic] of war and refugees in the United States who have been or will be applying for Disability Insurance benefits (DIB) and/or Supplemental Security Income (SSI)...." *Id.*, ECF No. 1 at 2.  The complaint in the Prior Action alleges that an administrative law judge "initiated administrative proceedings ... to suspend plaintiffs' attorney from practice of Social Security law" in retaliation for a 2011 lawsuit that the plaintiffs' attorney filed. *Id.*, ECF No. 1 at 3.  The plaintiffs in the Prior Action asserted claims for violations of the First and Fifth Amendments and Administrative Procedures Act and sought declaratory and injunctive relief.

On February 25, 2014, this Court issued an Order in the prior action, dismissing the case without prejudice pursuant to Rule 12(b)(1).  The Court found that the case was not ripe because the SSA had not taken final agency action against Alexandra Manbeck, the plaintiffs' attorney. *Id.*, ECF No. 22.  The Prior Action is currently pending on appeal before the Ninth Circuit Court of Appeals.

**IV.  Motion to Dismiss (ECF No. 19)**

Defendant Colvin moves to dismiss the majority of Plaintiffs' claims for lack of jurisdiction.  Defendant Colvin moves to dismiss Plaintiffs' constitutional claims against Defendant Colvin to the extent they seek damages, on the ground that the United States has not waived its sovereign immunity for constitutional torts.  Defendant Colvin moves to dismiss Plaintiffs' tort claims against Defendant Colvin on the ground that Plaintiffs have not exhausted administrative remedies pursuant to the Federal Tort Claims Act ("FTCA").  Defendant Colvin moves to dismiss Plaintiffs' misrepresentation and interference with contractual relations claims against Defendant Colvin on the ground that the FTCA does not waive sovereign immunity as to these claims.  Defendant Colvin moves to dismiss Plaintiffs' "ultra vires" claim against

Defendant Colvin on the ground that Defendant Colvin is only sued in her official capacity. Defendant Colvin moves to dismiss Plaintiffs' Administrative Procedures Act ("APA") claims on the ground that there has not been final agency action.

In addition, Defendant Colvin moves to dismiss all claims asserted in the FAC for failure to state a claim.

Plaintiffs oppose dismissal on all grounds raised in the motion to dismiss and request leave to amend.

**A. Legal Standards**

**i. Rule 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Med. Colls. v. United States,* 217 F.3d 770, 778-779 (9th Cir. 2000). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

**ii. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must

contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).  "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"   *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citation omitted).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*. at 679.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

## B. Plaintiffs' Request for Judicial Notice

Plaintiffs request judicial notice of "[r]elevant SSA search and seizure policy documents from the SSA website" that are attached as Exhibit F to Plaintiffs' opposition.  (ECF No. 41 at 2).  Exhibit F is not referenced in the FAC.  The Court

declines to take judicial notice of Exhibit F because judicial notice of Exhibit F is not necessary to resolve the motion to dismiss. *See, e.g.*, *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n. 12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

### C. Sovereign Immunity

Defendant Colvin contends that Plaintiffs must demonstrate that the United States has waived its sovereign immunity because Defendant Colvin is sued in her official capacity.   Defendant Colvin contends that the United States has not waived its sovereign immunity with respect to Plaintiffs' first, second, third, and eighth claims for violations of the Fourth Amendment, due process, equal protection, and the First Amendment, respectively, to the extent they seek damages. Defendant Colvin contends that the United States has not waived its sovereign immunity with respect to all of Plaintiffs' tort claims because Plaintiffs have failed to exhaust their administrative remedies.   Defendant Colvin contends that the United States has not waived its sovereign immunity with respect to misrepresentation and interference with contractual relationship claims.

Plaintiffs contend that the United States has waived its sovereign immunity with respect to claims for declaratory and injunctive relief.  Plaintiffs contend that the APA waives sovereign immunity for declaratory and injunctive relief with respect to all of Plaintiffs' claims.

In reply, Defendant Colvin contends that the APA's waiver of sovereign immunity does not apply because there has not been final agency action.

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction,

and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189 (9th Cir.1970). "[A] suit against [federal] employees in their official capacity is essentially a suit against the United States." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

The FAC asserts jurisdiction under various federal statutes, including the APA, but does not allege that the United States has waived its sovereign immunity under any of those statutes.

Section 702 of the APA provides, in pertinent part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. Section 702 of the APA waives sovereign immunity for claims for equitable relief arising under the Constitution. *See Presbyterian Church v. United States*, 870 F.2d 518, 525-26 (1989) ("It would be anomolous—inexplicable in terms of the structure of the APA, and in evident conflict with the plain language and legislative history of the amendment to § 702—to read § 702 as preserving sovereign immunity in claims for equitable relief against government investigations alleged to violate First and Fourth Amendment rights."); *see also Robinson v. Salazar*, 885 F. Supp. 2d 1002, 1027-28 (E.D. Cal. 2012) (concluding that the holding of *Presbyterian Church* was limited to constitutional claims seeking equitable relief).

Section 704 of the APA provides:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory

order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

5 U.S.C. § 704. "When ... review is sought not pursuant to specific authorization in [a] substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990).

### i. Monetary Relief

The Complaint fails to demonstrate that the United States has waived its sovereign immunity with respect to any of Plaintiffs' claims for monetary relief.

### ii. APA Claims

Plaintiffs' fourth claim for "Breach of Ethical Duties-Violation of Social Security Act" alleges that "Defendants have breached their ethical duties toward claimants in violation of the Social Security Act and the Administrative Procedure[s] Act, 5 U.S.C. § 706(2)(A)." (ECF No. 15 at 39). Plaintiffs' ninth claim for violation of the APA alleges that the "searches conducted by defendants exceed the authority granted by the Social Security Act, and therefore violate 5 U.S.C. § 706." *Id.* at 43. The FAC does not identify provisions of a substantive statute that make this alleged wrongdoing "reviewable" or allege "final agency action." 5 U.S.C. § 704. Accordingly, Plaintiffs have failed to demonstrate that the United States has waived its sovereign immunity with respect to Plaintiffs' fourth and ninth claims.

### iii. Constitutional Claims

Plaintiffs have established that the United States has waived its sovereign immunity with respect to Plaintiffs' constitutional claims (first, second, third, and eighth claims), but only to the extent they seek equitable relief. *See Presbyterian Church*, 870 F.2d at 525-26.

### iv. Tort Claims

Plaintiffs' fifth claim is for "Interference with Contractual Relationship and Violation of the Attorney-Client Privilege." (ECF No. 15 at 39). Plaintiffs' sixth claim

is for "SSA's Ultra Vires Misconduct - Bad Faith." *Id.* at 40.  Plaintiffs' seventh claim is for "Intentional Infliction of Emotional Distress and Physical Abuse." *Id.*  Plaintiffs have failed to establish that the United States has waived its sovereign immunity with respect to Plaintiffs' fifth, sixth, and seventh claims.

### v. Conclusion

Plaintiffs' fourth, fifth, sixth, seventh, and ninth claims against Defendant Colvin are dismissed without prejudice.   Plaintiffs' first, second, third, and eighth claims against Defendant Colvin are dismissed without prejudice to the extent they seek monetary relief.

### D. Fourth Amendment (First Claim)

Defendant Colvin contends that the alleged home visits are constitutional "knock and talk" interviews.  (ECF No. 19-1 at 13).

Plaintiffs contend that the alleged interrogations by the SSA agents are unconstitutional searches and seizures.  Plaintiffs contend that armed agents violated their reasonable expectation of privacy by asking them questions about their "attorney-client privileged relationship."  (ECF No. 35-1 at 22).  Plaintiffs contend that attorney-client communications cannot be obtained by the government without a warrant.  Plaintiffs contend that they did not consent to a search because they filed affidavits in 2013 requesting that Defendants cease and desist from searching them.  Plaintiffs contend that they were coerced into answering because they were never advised that they did not need to answer questioning.

Plaintiffs also contend that the SSA agents' alleged interrogations constituted unreasonable seizures under the Fourth Amendment because the SSA agents forced disclosure of attorney-client privileged material. Plaintiffs assert that they believed they had no choice but to answer the SSA Agents' questions because they carried guns. Plaintiffs contend that the SSA agents' alleged interrogations amounted to investigatory detentions.

The FAC alleges that "[D]efendants contacted the plaintiffs *ex-parte* without their

attorney, either at their home or at any public place in town where plaintiffs happened to be at the time the SSA defendants visited their home, intimidated the plaintiffs under color of authority and under color of federal law, mislead them and induced them to change their prior written testimonies and/or sign incorrect documents which provides either erroneous or incriminating information which plaintiffs did not understand." (ECF No. 15 at 7). The FAC alleges that this practice violated Plaintiffs' reasonable expectation of privacy and their attorney-client privilege, and was done with knowledge that Plaintiffs' were represented by counsel and knowledge that the SSA had an opportunity to cross-examine Plaintiffs when they appeared in earlier proceedings.

The FAC further alleges that "defendants SSA Armed Agents, SSA Agent Nick and Agent-2 ordered all plaintiffs to open the doors of their homes to let them in and respond to their questions.... Defendants wrongfully intimidated plaintiffs under color of federal law and misled plaintiffs into disclosing attorney-client privileged information." *Id.* at 26. "SSA agents misrepresented that they had the authority to order them to answer questions incriminating to them or their counsel without counsel's presence." *Id.* at 27. "Then defendants mislead [sic] plaintiffs into recanting their prior written testimonies, and intimidated some plaintiffs who fearfully denied that they had ever signed their 2013 affidavits, *or like Don Doan and Tommy Nguyen, cancelled their benefit applications*." *Id.* (emphasis in original). "Defendants also misused their authority to order plaintiffs to reveal their private conversation with plaintiffs' attorney in violation of the attorney-client privilege." *Id.* at 28.

### i. Plaintiff Thai

Plaintiff Thai alleges that "[t]wice in December 2013 and in January 2014, two SSA Armed Agents bearing guns suddenly came to the home of plaintiff, and identified themselves as police agents and proceeded to question Ms. Thai." *Id.* at 9. "Most of the questions centered on whether she was really disabled and whether she was required to pay in advance for legal services to her attorney." *Id.* "The SSA Armed Agents threatened her with dismissal of her case if she refused to answer their questions." *Id.*

1  A May 29, 2014 affidavit by Plaintiff Thai is incorporated by reference in the FAC and
2  attached as an exhibit.

3        The affidavit states that "some agents in police uniform with guns ... banged on
4  the door of my home...." (ECF No. 15-10 at 1).  The affidavit states that the SSA agents
5  threatened to deny Plaintiff Thai her benefits claim if she did not answer their questions,
6  "which mainly concerned my relationship with my attorney Alexandra Manbeck." *Id.*
7  "I was fearful of them because they carried guns and unexpectedly barged into my
8  home without warning." *Id.*

9              ## ii.  Plaintiff Diep Nguyen

10       Plaintiff Nguyen alleges that on or about February 9, 2015, "defendant SSA
11  dispatched SSA agent Nick LNU and another agent, SSA Agent-2, to her home and
12  proceeded to interrogate her about her relationship with her attorney, and whether she
13  actually signed her July 31, 2013 affidavit *as well as the appointment of representative*
14  *Form SSA-1696*." (ECF No. 15 at 13) (emphasis in original).  "SSA agents-defendants
15  proceeded to arrive without notice at her home and violated her privacy without the
16  presence of her attorney, causing her severe apprehension and fear." *Id.*  "SSA agent
17  Nick and Agent-2 called a Vietnamese interpreter by phone to speak with plaintiff and
18  to record the whole conversation in Vietnamese." *Id.* at 13-14.

19             ## iii.  Plaintiff Nassiri

20       Plaintiff Nassiri alleges that "SSA continues to harass him by having personnel
21  of Social Security from the Aero Drive office calling him and threatening him with
22  suspension of benefits unless he answered questions about his privileged relationship
23  with his attorney." (ECF No. 15 at 18).

24       On or about January 19, 2015, SSA Agent Nick LNU suddenly arrived to
         his home with another Social Security employee, SSA Agent-2.  After
25       learning that he was not at home, they located him by phone at a San
         Diego taxi company and ordered him to meet them at a near-by coffee
26       shop to question him about his attorney-client relationship.  Mr. Nassiri
         declined to answer their questions and promptly contacted his attorney to
27       seek an injunction as this is the second time that the illegal search and
         interrogation happened, in spite of his prior objections by affidavit.
28
   *Id.*

                                    - 13 -                        15cv0583-WQH-NLS

### iv.  Plaintiff Ha

Plaintiff Ha alleges:

In late January 2015, in spite of his request in his 2013 affidavits that he not be searched and questioned about his attorney-client relationship and his lengthy testimony about such a relationship at the March 17, 2014 administrative hearing, SSA Agent Nick and SSA Agent-2 suddenly arrived at his home and questioned him at length about his 2013 affidavits and attempted to have him recant his 2013 testimony, causing him severe emotional distress, fear, paranoia, all of which has been reminiscent of Communist persecution against him in Vietnam.

*Id.* at 21 (italics removed).

### v.  Plaintiff Huynh

Plaintiff Huynh alleges:

On or about January 26, 2015, in spite of his testimony in his 2013 affidavit that he desperately needed his attorney and that he not be searched and questioned about his attorney-client relationship and in spite of his lengthy testimony about such relationship at the July 22, 2014 administrative hearing, SSA Agent Nick LNU and SSA Agent-2 suddenly arrived at his home and questioned him at length about his 2013 affidavit, his attorney-client relationship and attempted to have him recant his 2013 affidavit, causing him severe emotional distress.  Under questioning, Duc Huynh panicked and stated that he did not remember any detail about his 2013 affidavit.

*Id.* at 23 (italics removed).

### vi.  Plaintiff Doan

Plaintiff Doan alleges that in early 2004,[3] "SSA police agents carrying guns and police badge[s] suddenly arrived at Don Doan's home and interrogated him about his attorney-client relationship, causing him great fear and apprehension reminiscent of Communist persecution in Vietnam."  *Id.* at 24.

### vii.  Plaintiff Tommy Nguyen

Plaintiff Tommy Nguyen alleges that in early 2004,[4] "SSA Armed Agents carrying guns and police badge[s] suddenly arrived at Tommy Nguyen's home and interrogated him about his attorney-client relationship, causing him great fear and apprehension reminscent of Communist persecution in Vietnam."  *Id.* at 25.

---

[3]  Plaintiff Doan presumably means 2014.

[4]  Plaintiff Tommy Nguyen presumably means 2014.

### viii.  Analysis

"[A] Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable." *Kyllo v. United States*, 533 U.S. 27, 33 (2001).  "When the Fourth Amendment was adopted, as now, to 'search' meant '[t]o look over or through for the purpose of finding something; to explore; to examine by inspection; as, to *search* the house for a book; to *search* the wood for a thief." *Id.* at 32 n.1 (2001) (emphasis in original).  "[W]hen the Government *does* engage in physical intrusion of a constitutionally protected area in order to obtain information, that intrusion may constitute a violation of the Fourth Amendment." *United States v. Jones*, 132 S. Ct. 945, 951 (2012) (emphasis in original).  "Trespass alone does not qualify, but there must be conjoined with ... an attempt to find something or to obtain information." *Id.* at 951 n.5.  "A trespass on 'houses' or 'effects,' or a *Katz* invasion of privacy, is not alone a search unless it is done to obtain information; and the obtaining of information is not alone a search unless it is achieved by such a trespass or invasion of privacy." *Id.*

As an initial matter, the Court does not accept conclusory and generalized allegations as true.  The Court does not accept as true Plaintiffs' conclusory and generalized allegations that the SSA agents ordered all Plaintiffs to let them into their homes, misled them into disclosing privilege attorney-client information, and intimidated them into recanting their testimony.  First, the Court is not required to accept as true conclusory allegations.  Second, Plaintiffs' individualized allegations reveal that the generalized allegations do not apply to some, or all, of the named Plaintiffs.  The Court will proceed to analyze Plaintiffs' Fourth Amendment claims based on Plaintiffs' individualized allegations.

Plaintiffs may state a Fourth Amendment claim by alleging that SSA agents entered Plaintiffs' homes without consent in order to improperly question them. *See Jones*, 132 S. Ct. at 951 ("[W]hen the Government *does* engage in physical intrusion of a constitutionally protected area in order to obtain information, that intrusion may

constitute a violation of the Fourth Amendment.") (emphasis in original).  Plaintiff Thai has alleged that SSA agents "barged" into her home "without warning," questioned her about her relationship with her attorney, and threatened to deny Plaintiff Social Security benefits if she did not answer their questions.  By alleging that SSA agents "barged" into her home "without warning," Plaintiff Thai has sufficiently alleged "physical intrusion of a constitutionally protected area," and, by alleging that the intrusion was done to question Plaintiff Thai about her relationship with her attorney, Plaintiff Thai has sufficiently alleged that the physical intrusion was done "to obtain information." *Jones*, 132 S. Ct. at 951.   The Court concludes that Plaintiff Thai has stated a claim under the Fourth Amendment for an unreasonable search.

No other Plaintiff has alleged that the SSA Agents physically intruded into a constitutionally protected area, *i.e.*, trespassed into Plaintiffs homes.  These Plaintiffs must therefore allege "a *Katz* invasion of privacy" carried out "to obtain information." *Id.* at 951 n.5.  Questioning, by itself and without coercion, does not implicate the Fourth Amendment.  *Cf. Florida v. Bostick*, 501 U.S. 429, 434 (1991) ("[A] seizure does not occur simply because a police officer approaches an individual and asks a few quesitons....  The encounter will not trigger Fourth Amendment scrutiny unless it loses its consensual nature.")

With respect to Plaintiffs Diep Nguyen, Ha, Huynh, Doan, and Tommy Nguyen, these Plaintiffs have alleged that they were asked questions about their relationship with their attorney, but they allege no facts suggesting that they were coerced into answering questions.  Plaintiffs Diep Nguyen, Ha, Huynh, Doan, and Tommy Nguyen have failed to allege that invasions of their privacy actually occurred, and therefore fail to state a claim under the Fourth Amendment for unreasonable searches.

With respect to Plaintiff Nassiri, Plaintiff Nassiri alleges that he was threatened with losing Social Security benefits if he did not answer questions about his relationship with his attorney, but that he refused to answer the SSA Agent's questions.  Plaintiff Nassiri has failed to allege that an invasion of privacy actually occurred, and therefore

fails to state a Fourth Amendment unreasonable search claim.[5]

The FAC does not contain individualized factual allegations with respect to Plaintiffs Chau and Hoi Cuu Quan Nhan VNCH.

Plaintiff Thai has stated a claim under the Fourth Amendment for an unreasonable search against Defendant Colvin. Plaintiffs Diep Nguyen, Ha, Huynh, Doan, Tommy Nguyen, Nassiri, Chau, and Hoi Cuu Quan Nhan VNCH have failed to state claims under the Fourth Amendment for unreasonable searches against Defendant Colvin. Defendant Colvin's motion to dismiss Plaintiffs' first claim is denied with respect to Plaintiff Thai, but granted with respect to all other Plaintiffs.[6]

**E.  Due Process (Second Claim)**

Defendant Colvin contends that Plaintiffs have failed to allege that they suffered a deprivation of "life, liberty, or property" as a result of the alleged interviews. (ECF No. 19-1 at 14). Defendant Colvin contends that Plaintiffs' due process claim "turns on resolution of Plaintiffs' Fourth Amendment illegal search and seizure claim." (ECF No. 39 at 10). Defendant Colvin contends that Plaintiffs' claim must be brought under the Fourth Amendment, which specifically governs the government's actions in this case, and not the "more generalized notion of substantive due process...." *Id.* at 11 (citation and internal quotations omitted).

Plaintiffs contend that the SSA agents' intimidation led them to cancel their applications for Social Security benefits, resulting in a denial of due process.

Plaintiffs' due process claim alleges that Defendants violated their due process rights through "communications with and interrogations of plaintiffs without counsel or representatives in determining plaintiffs' eligibility for benefits" and causing "some

---

[5] For the purposes of this motion to dismiss, the Court need not address whether coercive questioning can constitute an unreasonable search under the Fourth Amendment, and the parties have not briefed the issue.

[6] Plaintiffs contend in opposition that the SSA agents' actions constitute unreasonable seizures. The Court does not address this contention because Plaintiffs do not assert an unreasonable seizure claim in the FAC. *See* ECF No. 15 at 36-37 (alleging that illegal searches, not an illegal seizures, occurred).

plaintiffs to withdraw from applying for benefits, or to refrain from applying....” (ECF No. 15 at 37-38).

Assuming, without deciding, that this is a cognizable due process violation, Plaintiffs have failed to allege sufficient facts in support of this alleged due process violation. The only Plaintiffs who have alleged any facts to support the allegation that Plaintiffs were interrogated in determining their eligibility for benefits are Plaintiff Thai and Plaintiff Nassiri. Plaintiff Thai alleges that the SSA agents asked her “whether she was really disabled” and threatened her with dismissal of her case if she did not answer their questions. *Id.* at 9. Plaintiff Nassiri alleges that SSA agents threatened to suspend his Social Security benefits if he did not answer their questions. However, neither Plaintiff alleges that they withdrew Social Security benefit applications as a result.

The only Plaintiffs who have alleged that they withdrew from applying for benefits are Plaintiffs Tommy Nguyen and Doan. However, neither Plaintiff alleges facts to show that they were interrogated “in determining plaintiffs’ eligibility for benefits....” *Id.* 37.

Plaintiffs’ due process claim against Defendant Colvin is dismissed without prejudice.

**F. Equal Protection (Third Claim)**

Defendant Colvin contends that rational basis review applies to Plaintiffs’ equal protection claim. Defendant Colvin contends that Defendants had a rational basis for treating Plaintiffs differently because they submitted affidavits in the Prior Action.

Plaintiffs contend that Defendants have “intentionally, irrationally and illegally singled out Plaintiffs and putative class members in a bad faith attempt to deprive them of constitutional and other rights, in retaliation for their filing a prior class action against Defendant Colvin, and in order to discourage them from seeking legal representation or filing for benefits.” (ECF No. 35-1 at 31).

“[U]nless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently

suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). Under the rational basis test, "a classification must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993) (citation and internal quotations omitted).

In this case, Plaintiffs do not contend that heightened review applies, and the FAC itself demonstrates a rational basis for Defendants' alleged interviews. The FAC alleges that the interviews were in response to Plaintiffs' filing affidavits in the Prior Action, and the FAC alleges that the interviews were directed toward these affidavits.[7] *See* ECF No. 15 at 13 (alleging that SSA Agent Nick and SSA Agent 2 asked Plaintiff Diep Nguyen about her relationship with her attorney and "whether she actually signed her July 31, 2013 affidavit *as well as the appointment of representative Form SSA-1696*.") (emphasis in original). Plaintiffs' equal protection claim against Defendant Colvin is dismissed without prejudice.

**G. First Amendment (Eighth Claim)**

Defendant Colvin contends that once conclusory allegations are set aside, the FAC fails to allege conduct that would chill "a person of ordinary firmness" from future First Amendment activities. (ECF No. 19-1 at 16). Defendant Colvin contends that there is nothing unconstitutional about SSA agents confirming the authenticity of affidavits filed by Social Security applicants. Defendant Colvin contends that the FAC fails to allege facts to show that "widespread searches" or "compelled disclosure of privileged communications" took place. (ECF No. 39 at 13) (internal quotations omitted).

Plaintiffs contend that they have alleged that Defendants have violated their First Amendment rights to "private association, legal representation, access to the courts and

---

[7] In concluding that the FAC alleges a rational basis for treating Plaintiffs differently than other Social Security applicants, the Court expresses no opinion on whether Defendants alleged techniques were constitutionally proper in other respects.

free speech." (ECF No. 35-1 at 33). Plaintiffs contend that investigative and surveillance activities can infringe on First Amendment rights. Plaintiffs contend that Defendants' investigatory techniques have intimidated Plaintiffs into revealing privileged communications or changing their prior testimony, which "allow[s] the government to gain an unfair advantage against plaintiffs during ongoing litigation." *Id.* at 33-34. Plaintiffs contend that Defendants' intrusions violate Plaintiffs' associational privacy rights to associate with their attorney. Plaintiffs contend that Defendants' intrusions violate Plaintiffs' right to access the courts by "discourag[ing] plaintiffs from filing complaints against Defendant." *Id.* at 35.

Plaintiffs' First Amendment claim alleges:

> Defendants illegal searches, which began in 2013 and continue unabated in 2015, were intentionally designed to intimidate the plaintiffs and prevent them from seeking legal representation and thus infringe the plaintiffs' First Amendment associational privacy and free speech rights, and substantially impair those rights by spreading fear and terror upon the community of Vietnamese refugees, thus discouraging numerous class members from contacting plaintiffs' attorney to apply for benefits.

> The extensive SSA search program that began in 2014 and is ongoing violates the plaintiffs' expectation of privacy and confidentiality and has a chilling effect upon class members who would otherwise contact the Association and the plaintiffs' attorney to seek legal assistance with applying for benefits, and who have refrained from such contact out of fear and terror of being subject to searches and interrogations.

(ECF No. 15 at 41-42).

"To establish a First Amendment retaliation claim ..., a plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006).

Plaintiffs Thai, Nassiri, Diep Nguyen, Ha, Huynh, Doan, and Tommy Nguyen have alleged that after filing affidavits in 2013 in the Prior Action, SSA agents have appeared at their homes *ex parte* (or, in the case of Plaintiff Nassiri, ordering him to appear at a coffee shop) asked them questions about their affidavits, in an effort to

intimidate them.  By alleging that they provided affidavits in the Prior Action in which they were plaintiffs, Plaintiffs have alleged protected activity.  By alleging that SSA agents interrogated Plaintiffs *ex parte* about those affidavits, Plaintiffs have alleged conduct motivated by the protected activity.  Whether the SSA agents' methods would "chill a person of ordinary firmness from continuing" to prosecute a lawsuit against the SSA is a question of fact not properly resolved on a motion to dismiss.  *Pinard*, 467 F.3d at 770; *see also, e.g.*, *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002) (holding that whether "an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law ... unless the claimed retaliatory action is truly 'inconsequential'").

Plaintiffs Chau and Hoi Cuu Quan Nhan VNCH have not alleged any facts plausibly showing that their First Amendment rights were violated by any Defendant.

Defendant Colvin's motion to dismiss Plaintiffs Thai, Nassiri, Diep Nguyen, Ha, Huynh, Doan, and Tommy Nguyen's First Amendment claim is denied.  Defendant Colvin's motion to dismiss Plaintiffs Chau and Hoi Cuu Quan Nhan VNCH's First Amendment claim is granted.

**IV.  Motion to Amend Complaint (ECF No. 35)**

Plaintiffs request leave to amend to name "state agents who might have been involved with federal agents in conducting the illegal searches" and add "Section 1983 causes of action."  (ECF No. 35 at 1-2).

Defendant Colvin opposes leave to amend on the ground that Plaintiffs have failed to file a proposed amended complaint in compliance with the Local Rules. Defendant Colvin also contends that amendment of Plaintiffs' ultra vires claim would be futile.  Defendant Colvin contends that amendment is premature in light of Defendant Colvin's pending motion to dismiss.

Plaintiffs attach a proposed second amended complaint in reply and contend that their failure to attach it to the motion was "harmless."  (ECF No. 42 at 2).

Local Rule 15.1.b provides:

Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows ---- through redlining, underlining, strikeouts, or other similarly effective typographic methods--- how the proposed amended pleading differs from the operative pleading. If the court grants the motion, the moving party must file and serve the amended pleading.

S.D. Cal. Civ. L.R. 15.1.b. Because the Motion to Amend Complaint did not attach a proposed second amended complaint, Defendant Colvin was unable to evaluate the proposed second amended complaint in its opposition.

Plaintiffs' Motion to Amend Complaint is denied without prejudice.

## V. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss First Amended Class Action Complaint (ECF No. 19) is GRANTED in part and DENIED in part. The motion to dismiss is denied with respect to Plaintiffs Thai, Nassiri, Diep Nguyen, Ha, Huynh, Doan, and Tommy Nguyen's First Amendment claim and Plaintiff Thai's Fourth Amendment unreasonable search claim. All other claims asserted in the FAC against Defendant Colvin are dismissed without prejudice.

IT IS FURTHER ORDERED that the Motion to Amend Complaint (ECF No. 35) is DENIED without prejudice.

DATED:  August 31, 2015

**WILLIAM Q. HAYES**
United States District Judge