UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anh Van Thai, Mohammad Nassiri, Diep Thi Nguyen, Tho Van Ha, Duc Huynh, Don Doan, Tommy Nguyen, Trai Chau, Hoi Cuu Quan Nhan VNCH, Roes 1-100, on behalf of themselves and all others similarly situated,<br><br>                            Plaintiffs,<br><br>v.<br><br>United States of America; Carolyn W. Colvin, Commissioner of Social Security, Social Security Administration; Supervisor Mary Haggard (or Haggart); Duke Duc Tran; SSA Agent Nick; SSA Agent 2 Does 1-20; State and/or Local Agents CDI Does 21-40,<br><br>                            Defendants. | Case No.: 15cv583 WQH (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE EX PARTE MOTION FOR EXPEDITED DISCOVERY; and**<br><br>**(2) EXTENDING TIME FOR SERVICE UNDER RULE 4(m).**<br><br>**[Dkt. No. 73]** |

**Relevant Background.**

This civil rights putative class action alleges harassment and intimidation by the Social Security Administration (SSA) against the Vietnamese, Iranian and Somalian refugee and immigrant communities. Plaintiffs filed the initial complaint on March 14, 2015. Dkt. No. 1. In that initial complaint Plaintiffs named defendants "Carolyn Colvin, Commissioner of Social Security, Social Security Administration," "SSA Agent Nick" and "SSA-Agent 2."

Plaintiffs then amended their complaint as a matter of course, before Defendants served a responsive pleading, on May 12, 2015. Dkt. No. 15. In that first amended complaint (FAC) Plaintiffs added "other SSA Armed Agents" as defendants.

Defendants filed a motion to dismiss the FAC. Dkt. No. 19. Along with their opposition to the motion to dismiss, Plaintiffs filed a motion for leave to file a second amended complaint (SAC). Dkt. No. 35. While the motions to dismiss and amend the complaint were pending, Plaintiffs filed an emergency motion to expedite discovery to discover the true identities and addresses of "Agent Nick," "SSA Agent 2," and "SSA Armed Agents."

On August 31, 2015 the court granted in part and denied in part the motion to dismiss the FAC and denied without prejudice the motion to amend the complaint. Dkt. No. 46. On September 27, 2015 Plaintiffs filed another motion to file a SAC. Dkt. No. 53. They also filed a motion to certify the class. Dkt. No. 57. On December 17, 2015 the court granted the motion for leave to file a SAC and denied the motion for class certification. Dkt. No. 62.

Plaintiffs filed the SAC on December 27, 2015. Dkt. No. 63. They added these additional Defendants: "United States of America," "Supervisor Mary Haggard (or Haggart)," "Duke Duc Tran," "Does 1-20," and "State and/or Local Agents CDI Does 21-40." Defendants filed a motion to dismiss the SAC, which remains pending. Dkt. No. 69.

///

Meanwhile, the district judge had denied, without prejudice, Plaintiffs' motion for expedited discovery for failure to meet and confer as required by Civil Local Rule 26.1. Dkt. No. 68. After receiving that order, Plaintiffs' counsel met and conferred with Defendants' counsel by telephone and in writing. Based on their failure to reach an agreement, Plaintiffs filed this second ex parte motion to expedite discovery to allow early and immediate discovery of the real names and locations of the currently unknown defendants. Dkt. No. 73. Defendants filed an opposition opposing the request for expedited discovery but not opposing the alternative request for extension of the service date.

Because it involves a discovery request, this ex parte motion is set before for the magistrate judge. But as it also touches upon potentially dispositive issues, this court addresses the motion through a Report and Recommendation.

**Discussion.**

In the SAC, Plaintiffs generally identify, as Defendants, "SSA Agent Nick," "SSA Agent 2," and "other SSA Armed Agents" who allegedly performed searches on plaintiffs Tho Ha, Mohammed Nassiri and Diep Nguyen in January and February 2015. They also identify "State and local law enforcement Agents" who allegedly carried visible weapons and searched plaintiffs Don Doan, Anh Thai and Tommy Nguyen at their homes in April 2014. Plaintiffs assert that these two sets of defendants could not be named or personally served because their names and identities are unknown. So Plaintiffs seek, through early discovery, their identifying information, along with the correct identifying information for "Mary Haggard or Haggart" (one of "Agent Nick's" supervisors) and "Duke Duc Tran," so that they can properly name and personally serve these Defendants. Alternatively, Plaintiffs ask the court to extend the deadline[1] to serve these Defendants.

---

[1] Plaintiffs believe the deadline to serve all Defendants is April 27, 2016. But that is not the operative date for any of the Defendants, as explained below.

Plaintiffs asked Defendants for the true identities and addresses for the unknown Defendants in the meet and confer. Defendants' responded as specified below. They base their responses on the belief that the SAC does not adequately plead any claims against any of the Defendants. Defendants assert that if Plaintiffs have a complaint that survives a motion to dismiss and contains viable claims for relief against individual Defendants, Defendants will provide the following early discovery:

1. Supervisor Mary Haggard/ or Haggart, or any other supervisor of Agent Nick: Defendants will provide her full name and address for service.

2. Agent Nick: Defendants will provide his full name and address for service.

3. SSA Agent 2, who accompanied Agent Nick (identified in SAC as one of "SSA Agent Does 1-20"): Defendants will consider allowing limited discovery into this person's identity.

4. Unknown State and/or Local Agents: SSA does not, and cannot, represent individual state employees, and need to coordinate any voluntary disclosures with their agency and the individuals themselves. Defendants are willing, though, to revisit this issue.

5. Other SSA Armed Agents (identified in SAC as "SSA Agent Does 1-20"): Defendants did not respond to this request.

6. Duke (or Duc) Tran: Defendants will provide his full name and address for service.

In sum, Defendants agree to provide much of the discovery sought, and commit to consider providing the remaining discovery, once there is an operative complaint that states viable claims against Defendants.

**A. Service Under Rule 4(m).**

Until November 30, 2015, the Rules required that service be made upon a defendant within 120 days of filing of the complaint. *See* Fed. R. Civ. Proc. 4(m). As of December 1, 2015, the presumptive time was reduced from 120 days to 90 days. Fed. R. Civ. Proc. 4(m); *see* Committee Notes on Rules—2015 Amendment. If service is not

4

made within the specific time, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. Proc. 4(m).

With regard to originally named defendants, the filing of an amended complaint does not restart the service period against a defendant named in the original complaint under Rule 4(m). *See Bivins v. Ryan*, 2013 U.S. Dist. LEXIS 10995, at *3, 2013 WL 321847, at *1 (D. Ariz. Jan. 28, 2013) (citing *Bolden v. City of Topeka, Kansas*, 441 F.3d 1129, 1148 (10th Cir.2006) (the 120–day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint")); *see also McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 2006) (starting service period for a newly-named defendant after the filing of an amended complaint)). While Rule 4(m) "*requires* the district court to grant an extension of time when the plaintiff shows good cause for the delay," it also "*permits* the district court to grant an extension even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (emphasis in original).  Further, Rule 4(m) explicitly "permits a district court to grant an extension of time to serve the complaint *after* that 120–day period." *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (emphasis in original).

Here, Plaintiffs named "Agent Nick" and "SSA Agent 2" in their original complaint filed March 14, 2015.  The 120-day period to serve those Defendants expired on July 13, 2015.  Plaintiffs, though, did not file their original motion to expedite discovery to learn their true identities until August 20, 2015, more than one month after the deadline expired.  But defense counsel offered to provide the identifying discovery for these Defendants.  Based on that offer, this court will not recommend that "Agent Nick" and "SSA Agent 2," as well as "other SSA Armed Agents," be dismissed for

failure to serve.[2]  Rather, to promote efficiency, this court recommends that those Defendants be treated the same as the other Defendants who remain within the service period.

For the Defendants named in the SAC, they are subject to a 90-day service period, as the SAC was filed after the December 1, 2015 change to Rule 4(m).  Those 90 days expire on Monday, March 28, 2016.

### B. Whether Good Cause Exists to Compel the Discovery.

This court can compel the production of discovery that is "relevant to any party's claim or defense and [is] proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1).  Plaintiffs do not argue that they need the discovery to help them supplement their allegations to withstand the motion to dismiss.  Rather, they simply want the identifying discovery so that they can correctly identify and serve all Defendants.  But with the status of the SAC in limbo, the court does not find good cause at this time to compel the identifying discovery, as it may turn out that some or all of the unidentified Defendants will not remain in the case.  *See Berlin Media Art v. Does 1-654*, 2001 WL 36383080 (N.D. Cal., Oct. 18, 2011) (denying motion for expedited discovery into the identity of anonymous Doe defendants because "Plaintiff's motion for expedited discovery has failed to demonstrate that the complaint could withstand a motion to dismiss.").

---

[2] As to defendants "other SSA Armed Agents" who were named in the FAC filed May 12, 2015, the 120 days to serve them would have expired on September 9, 2015.  But by then Plaintiffs had already filed a motion for expedited discovery to specifically identify them.  When they filed that motion on August 20, Plaintiffs had 20 days left on the 120-day service period to serve the "other SSA Armed Agents."  The district judge denied the motion for discovery on January 13, 2016.  But Plaintiffs did not file this renewed motion for the discovery until 54 days later on March 7, 2016, going well past the 20 days left on the service period.  The time, then, to serve "other SSA Armed Agents" has expired as well.

Because of the ongoing uncertainty as to which claims and Defendants, if any, will remain in the case, this court recommends denying the motion for expedited discovery without prejudice, and further recommends that the district judge extend the time to serve any operative complaint to 60 days from the date an order on the motion to dismiss issues. If any claims and Defendants survive the motion to dismiss, counsel must work together to identify and facilitate service on the unidentified Defendants.

**Order.**

Based on the foregoing reasons, this court **RECOMMENDS** that the district judge:

1. Not dismiss any of the Defendants for failure to be served within the applicable service period;
2. **DENY without prejudice** Plaintiffs' ex parte motion for expedited discovery; and
3. Extend the time to serve any operative complaint to 60 days from the date an order on the motion to dismiss issues.

The court submits this Report and Recommendation to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). No later than **March 29, 2016**, any party to this action may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///
///
///
///
///
///
///
///

1   Any reply to the objections shall be filed with the Court and served on all parties
2 no later than **April 5, 2016**.  The parties are advised that failure to file objections within
3 the specified time may waive the right to those objections on appeal of the Court's order.
4 *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5   **IT IS SO ORDERED.**

6 Dated:  March 15, 2016

Hon. Nita L. Stormes
United States Magistrate Judge