# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD NASSIRI, *et al.* Plaintiff,<br><br>Plaintiffs,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security, Social Security Administration; SSA AGENT NICK; SSA-AGENT 2; MARY HAGAR; DUKE DUC TRAN; and STATE and/or LOCAL AGENTS CDI DOES 21-40,<br><br>Defendants. | CASE NO. 15cv0583-WQH-NLS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Leave to Amend the Complaint filed by Plaintiffs Mohammad Nassiri, et al. (ECF No. 92).

**I. Background**

On March 14, 2015, Plaintiffs commenced this action by filing a Class Action Complaint in this Court. (ECF No. 1). Among other named Defendants, Plaintiffs brought suit against unknown "SSA Agents Nick, [and] SSA-Agent 2." *Id.* On May 12, 2015, Plaintiffs filed the First Amended Class Action Complaint ("FAC"). (ECF No. 15). Among other named Defendants, Plaintiffs brought suit against unknown "SSA Agent[s] Nick, SSA-Agent 2, and other SSA Armed Agents[.]" *Id.*

On May 26, 2015, Defendant Colvin filed a motion to dismiss the FAC. (ECF

No. 19). On August 31, 2015, the Court issued an Order granting in part and denying in part Defendant Colvin's motion to dismiss. (ECF No. 46). The Court ordered that the motion to dismiss was "denied with respect to Plaintiffs Thai, Nassiri, Diep Nguyen, Ha, Huynh, Doan, and Tommy Nguyen's First Amendment claim and Plaintiff Thai's Fourth Amendment unreasonable search claim. *Id.* at 22. The Court ordered that "[a]ll other claims asserted in the FAC against Defendant Colvin are dismissed without prejudice." *Id.*

On December 27, 2015, Plaintiffs filed the Second Amended Class Action Complaint ("SAC"). (ECF No. 63). Among other named Defendants, Plaintiffs also brought suit against "SSA Agent[s] Nick, SSA-Agent Does 1-20, [and] State and/or Local Agents CDI Does 21-40." *Id.* On January 29, 2016, Defendants filed a motion to dismiss the SAC. (ECF No. 69).

On August 18, 2016, the Court issued an order granting in part and denying in part Defendants' motion to dismiss the SAC. (ECF No. 79). The Court denied the motion to dismiss as to the sixth [Equal Protection], eleventh [First Amendment], and thirteenth [Fourth and Fourteenth Amendment][1] causes of action filed by Plaintiffs Anh Van Thai, Diep Thi Nguyen, Huynh, Trai Chau, and Hoi Cuu Quan Nhan VHCH, and granted the motion to dismiss as to all other claims. *Id.* at 18. The Court dismissed all claims by Plaintiffs Tho Van Ha, Tommy Nguyen, and Don Doan with prejudice. *Id.*

The Court further ordered that this action would be dismissed without prejudice as to Defendants Duke Tran and Mary Hagar[2] if Plaintiffs did not file proof of service by August 31, 2016 that the SAC was effectuated upon those Defendants. *Id.* On

---

[1] In their motion to dismiss (ECF No. 69), Defendants moved to dismiss Plaintiffs' sixth cause of action for Equal Protection violations. (ECF No. 69-1 at 18-19). Defendants did not move to dismiss Plaintiffs' eleventh cause of action for First Amendment violations or Plaintiffs' thirteenth cause of action for Fourth and Fourteenth Amendment violations.

[2] The Court and parties have referred to Ms. Hagar using various spellings throughout this litigation. Ms. Hagar is identified by her proper name in the September 23, 2016 letter sent from Assistant United States Attorney Daniel E. Butcher. (ECF No. 91-1 at 5-6).

1  December 9, 2016, the Court issued an order dismissing Defendants Duke Tran and
2  Mary Hagar without prejudice. (ECF No. 95). On December 13, 2016 Plaintiffs filed
3  proof of summons returned executed by Duke Tran and Mary Hagar. (ECF Nos. 96,
4  97). On December 15, 2016, Plaintiffs filed a motion for reconsideration of this Court's
5  December 9, 2016 Order dismissing Defendants Duke Tran and Mary Hagar without
6  prejudice. (ECF No. 98). On December 16, 2016, Defendants filed an ex parte motion
7  for extension of time to respond to the motion for reconsideration. (ECF No. 99).

8  On September 2, 2016, Defendants filed a motion to dismiss the SAC as moot.
9  (ECF No. 82). On October 3, 2016, Plaintiffs filed an emergency motion for discovery.
10 (ECF No. 87). In the emergency motion for discovery, Plaintiffs request

> an order allowing immediate discovery of the real names and locations of the currently unknown defendants named (i) unknown Social Security Administration [] Agents, who performed searches upon plaintiffs Duc Huynh and Diep Nguyen in January and February 2015 and (ii) SSA- CDI Armed Agents who include State and local law enforcement agents who carried visible weapons and searched plaintiffs Anh Thai, Don Doan and Tommy Nguyen at their home in January to April 2014.

15 *Id.* at 1.

16 On October 21, 2016, Plaintiffs filed the Motion for Leave to Amend the
17 Complaint. (ECF No. 92). On October 26, 2016, the Court issued a minute order
18 stating that any opposition to Plaintiffs' motion must be filed by November 4, 2016, and
19 that any reply must be filed by November 11, 2016. (ECF No. 93). On November 4,
20 2016, Defendants filed a response in opposition. (ECF No. 94). Plaintiffs have not
21 filed a reply to their Motion for Leave to Amend the Complaint.

22 **II. Contentions of the Parties**

23 Plaintiffs request leave to amend the SAC "to substitute the unknown defendants
24 for known defendants, whose identities were provided to plaintiffs by defendant
25 subsequent to the Court's denial of defendant Colvin's Motion to Dismiss on August
26 18, 2016." (ECF No. 92 at 1-2). Plaintiffs contend that on September 23, 2016,
27 Defendants disclosed "the identities of four unknown federal defendants, Supervisor
28 Hagar and employee Duke Tran, Sundeep Patel and Nicholas Pilcher represented by the

defendant's San Francisco and Baltimore offices." (ECF No. 92-1 at 2). Plaintiffs contend that "[o]n October 5, 2016, defendant disclosed to plaintiffs the identities of an additional two state defendants, Dulce Sanchez and William Villasenor." *Id.* Plaintiffs contend they "need to substitute the names of the individual defendants in the Second Amended Complaint to replace the Does Defendants in the Second Amended Complaint and seek leave of court to file a Third Amended Complaint which is identical to the SAC, except for the substitution of correct names in bold characters in paragraphs 10, 11, 13, 15, 16, 19, 20, 21 and 22." *Id.*

Plaintiffs further contend they "need to substitute their names for the Does names in order to effect service of process by the U.S. Marshall [sic] Service[.]" (ECF No. 92 at 2). Plaintiffs contend that the U.S. Marshal notified Plaintiffs "on or about October 18, 2016 that no delivery would be effected, but that service would be accomplished by certified mail, with returned receipt under California law." (ECF No. 92-1 at 6). Plaintiffs request the Court

> authorize the U.S. Marshall [sic] Service to serve each such individually named defendant pursuant to California [Civ. Proc.] Code § 415.30, since the [U.S. Marshals] Service does not serve by delivery under Rule 4(e)(2)(c), but only under Rule 4(e)(1) mandating service under California [Civ. Proc.] Code § 415.30 by certified mail.

*Id.* at 7.

Defendants contend that Plaintiffs' proposed Third Amended Complaint "adds back in three plaintiffs and fourteen claims for relief that this Court dismissed from the Second Amended Complaint." (ECF No. 94 at 2). Defendants contend that Plaintiffs' deadline to complete service pursuant to Federal Rule of Civil Procedure 4(m) has passed, and "the docket reflects that Plaintiffs still have not completed service on any individual defendant." *Id.* at 6, 7. Defendants contend that "Plaintiffs have made no motion under Rule 4(m) establishing any good cause for further extending the deadline for service." *Id.* at 7. Defendants further contend that Plaintiffs' motion should be denied because Plaintiffs' proposed Third Amended Complaint is "subject to dismissal" and is unduly delayed. *Id.* at 7, 8.

## III. Analysis

Federal Rule of Civil Procedure 15 mandates that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Props. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the Motion for Leave to Amend the Complaint and all related filings, the Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend to add the identities of the previously-unknown SSA Agents. *Eminence Capital*, 316 F.3d at 1052.

In the original Complaint, the FAC, and the SAC, Plaintiffs named "unknown SSA Agent[s]." (ECF Nos. 1, 15, 63). Plaintiffs have now learned the names and addresses of these SSA Agents, and the Court grants Plaintiffs' request for leave to amend only as to these now-known SSA Agents.

On August 18, 2016, the Court ordered that all claims brought by Plaintiffs Tho Van Ha, Tommy Nguyen, and Don Doan were dismissed with prejudice. (ECF No. 79 at 18). The Court finds that it would be futile to name these Plaintiffs in the Third Amended Complaint.

On December 9, 2016, the Court ordered that Defendants Duke Tran and Mary Hagar are dismissed without prejudice because "Plaintiffs have not filed proof that service of the Complaint was effected upon Defendants Duke Tran and Mary Hagar, or otherwise shown cause as to why this case should not be dismissed as to those Defendants." (ECF No. 95 at 2). On December 13, 2016, Plaintiffs filed proof that Duke Tran and Mary Hagar were served with the Complaint and Summons on September 28, 2016.[3] (ECF Nos. 96 at 3; 97 at 3). The Court does not find that it would be futile to name these Defendants in the Third Amended Complaint.[4]

The Court further finds that following Defendants' disclosure of unknown defendants, Plaintiffs' request for expedited discovery of the names and locations of unknown defendants (ECF No. 87) is moot.

**IV. Conclusion**

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Amend the Complaint (ECF No. 92) is GRANTED in part. Plaintiffs may file a Third Amended Complaint, naming only the remaining Defendants Carolyn Colvin, Nicholas Pilcher,

---

[3] In Plaintiffs' reply to their motion for expedited discovery, Plaintiffs filed a letter from Assistant United States Attorney Daniel E. Butcher stating that if Plaintiffs wished to proceed against Duke Tran or Mary Hagar, those individuals could be served through the Office of the General Counsel, Region IX, Attn: Deborah Stachel. (ECF No. 91-1 at 5). On December 13, 2016, Plaintiffs filed proof that a copy of the Summons and Complaint was mailed through certified mail on September 28, 2016 to Deborah Stachel, at the address provided by Assistant United States Attorney Butcher. (ECF Nos. 96 at 3; 97 at 3).

[4] The Court denies Plaintiffs' motion for reconsideration of this Court's December 9, 2016 Order dismissing Defendants Duke Tran and Mary Hagar without prejudice (ECF No. 98), and Defendants' ex parte motion for extension of time to respond (ECF No. 99) as moot. The Court does not rule on the sufficiency of the service upon Defendants Duke Tran and Mary Hagar at this time. Defendants may challenge the sufficiency of the service upon Defendants Duke Tran and Mary Hagar at a later time.

1  Sundeep Patel, William Villasenor, Dulce Sanchez, Duke Tran and Mary Hagar – and
2  only including the sixth [Equal Protection], eleventh [First Amendment], and thirteenth
3  [Fourth and Fourteenth Amendment] causes of action alleged in Plaintiffs' Proposed
4  Third Amended Complaint.  (ECF No. 92-4 at 45, 48-49, 49-50).

5      IT IS FURTHER ORDERED that the Third Amended Complaint, limited to the
6  Court's ruling in the immediately preceding paragraph, shall be filed by January 10,
7  2017.

8      IT IS FURTHER ORDERED that Plaintiffs' request for leave to amend to add
9  claims asserted by Plaintiffs Tho Van Ha, Tommy Nguyen, and Don Doan who have
10 been previously dismissed with prejudice is DENIED.

11     IT IS FURTHER ORDERED that Plaintiffs' Emergency Motion for Expedited
12 Discovery (ECF No. 87) is denied as moot.

13     IT IS FURTHER ORDERED that Plaintiffs' Motion for Reconsideration (ECF
14 No. 98) and Defendants' Ex Parte Motion for Extension of Time to File Response (ECF
15 No. 99) are denied as moot.

16 DATED:  December 21, 2016

17
18           **WILLIAM Q. HAYES**
          United States District Judge