# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD NASSIRI, *et al.* Plaintiff,<br><br>Plaintiffs,<br>v.<br>NANCY BERRYHILL, Acting Commissioner of Social Security, Social Security Administration; Supervisor Mary Hagar; Duke Duc Tran; SSA Agent Nicholas Pilcher, SSA Agent Sundeep Patel, William Villasenor, and Dulce Sanchez,<br><br>Defendants. | CASE NO. 15cv0583-WQH-NLS<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the motion to dismiss the third amended complaint filed by Defendants William Villasenor and Dulce Sanchez (ECF No. 114) and the order to show cause why this case should not be dismissed for lack of jurisdiction.

**I. Background**

On March 14, 2015, Plaintiffs commenced this action by filing a Class Action Complaint seeking injunctive relief and monetary damages. (ECF No. 1). Among other named Defendants, Plaintiffs brought suit against unknown "SSA Agents Nick, [and] SSA-Agent 2." *Id.*

On May 12, 2015, Plaintiffs filed the First Amended Class Action Complaint

("FAC"). (ECF No. 15). Among other named Defendants, Plaintiffs brought suit against unknown "SSA Agent[s] Nick, SSA-Agent 2, and other SSA Armed Agents[.]" *Id.* Plaintiffs alleged that agents of the Social Security Administration (SSA) barged into their homes and questioned them in retaliation for filing affidavits in *Phan et al v. Colvin*, 13cv2036-WQH-NLS (S.D. Cal. 2013). In *Phan et al v. Colvin*, plaintiffs sought an injunction to prevent a SSA administrative law judge from conducting proceedings to suspend attorney Alexandra Manbeck from practice of social security law. Plaintiffs in *Phan* alleged that the SSA violated plaintiffs' right to counsel by suspending plaintiffs' attorney from the practice of Social Security law. A number of affidavits were attached to the Complaint in *Phan*, including an affidavit from Anh Thi Thai, a plaintiff in the case pending before this Court. On February 25, 2014, this Court issued an order dismissing *Phan et al v. Colvin* on the grounds that the case was not ripe because the SSA had not taken final agency action against Manbeck.[1]

On May 26, 2015, Defendant Colvin moved to dismiss the claims in the FAC that agents of the Social Security Administration appeared at their homes and questioned them in retaliation for their filing affidavits in support of the claims made in the *Phan et al v. Colvin* case. (ECF No. 19). On August 31, 2015, the Court issued an Order granting in part and denying in part Defendant Colvin's motion to dismiss. (ECF No. 46). The Court ordered that the motion to dismiss was "denied with respect to Plaintiffs Thai, Nassiri, Diep Nguyen, Ha, Huynh, Doan, and Tommy Nguyen's First Amendment claim and Plaintiff Thai's Fourth Amendment unreasonable search claim. *Id.* at 22. The Court ordered that "[a]ll other claims asserted in the FAC against Defendant Colvin are dismissed without prejudice." *Id.*

On December 27, 2015, Plaintiffs filed the Second Amended Class Action Complaint ("SAC"). (ECF No. 63). Plaintiffs continued to seek injunctive relief and

---

[1] Plaintiffs filed an appeal in *Phan et al v. Colvin*. The Court of Appeals dismissed the appeal as moot. *Phan et al v. Colvin*, 14-55514 (9th Cir. 2015). All sanction proceedings against Manbeck have been terminated. *See* ECF No. 125.

monetary damages for unlawful retaliation by agents of the Social Security Administration for filing affidavits in the *Phan, et al v. Colvin* case. Among other named Defendants, Plaintiffs also brought suit against "SSA Agent[s] Nick, SSA-Agent Does 1-20, [and] State and/or Local Agents CDI Does 21-40." *Id.* On January 29, 2016, Defendants filed a motion to dismiss the SAC. (ECF No. 69).

On August 18, 2016, the Court issued an order granting in part and denying in part Defendants' motion to dismiss the SAC. (ECF No. 79). The Court denied the motion to dismiss as to the sixth claim for Equal Protection violation, the eleventh claim for First Amendment violation, and the thirteenth claim for Fourth and Fourteenth Amendment violations filed by Plaintiffs Anh Van Thai, Diep Thi Nguyen, Huynh, Trai Chau, and Hoi Cuu Quan Nhan VHCH, and granted the motion to dismiss as to all other claims. *Id.* at 18. The Court dismissed all claims by Plaintiffs Tho Van Ha, Tommy Nguyen, and Don Doan with prejudice. *Id.*

On October 21, 2016, Plaintiffs filed the Motion for Leave to Amend the Complaint in order to substitute the unknown defendants for known defendants identified through discovery. (ECF No. 92).

On December 21, 2016, this Court issued an order allowing Plaintiffs to file a Third Amended Complaint, "naming only the remaining Defendants Carolyn Colvin[2], Nicholas Pilcher, Sundeep Patel, William Villasenor, Dulce Sanchez, Duke Tran and Mary Hagar – and only including the sixth [Equal Protection], eleventh [First Amendment], and thirteenth [Fourth and Fourteenth Amendment] causes of action alleged in Plaintiffs' Proposed Third Amended Complaint." (ECF No. 100 at 7).

On January 10, 2017, Plaintiffs filed a Third Amended Complaint ("TAC") naming Defendants Carolyn Colvin, Nicholas Pilcher, Sundeep Patel, William Villasenor, Dulce Sanchez, Duke Tran and Mary Hagar. (ECF No. 101).

---

[2] Nancy Berryhill is now the Acting Commissioner of Social Security replacing Carolyn Colvin.

On March 15, 2017, Defendants William Villasenor and Dulce Sanchez filed the motion to dismiss all claims against them in the TAC. (ECF No. 114).

On July 19, 2017, this Court granted a motion to dismiss all claims in the TAC against Defendant Nancy Berryhill, the Acting Commissioner of Social Security. The Court concluded that the sole remaining claim against the Commissioner of Social Security for equitable relief was moot. (ECF No. 125). The Court further stated:

> 42 U.S.C. § 405 provides the sole method whereby Plaintiffs can appeal an adverse decision concerning Plaintiff Thai's Social Security benefits. In a section titled "Judicial review[,]" the statute states,
>
>> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides[.]
>
> 42 U.S.C. § 405(g). Section 405(g) is the exclusive means for judicial review of decisions of the Commissioner of Social Security. *See Winberge v. Salfi*, 422 U.S. 749, 757 (1975) (stating that 42 U.S.C. § 405 "prevent[s] review of decisions of the Secretary save as provided in the Act, which provision is made in [§] 405(g)"); *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) ("The Social Security Act grants to district courts jurisdiction to review only 'final decisions' of the Commissioner.") (citing 42 U.S.C. § 405(g)). The Court does not have jurisdiction to address Plaintiff Thai's pending application for Social Security benefits.

*Id*. at 7-8.

**II. Contentions of the Parties**

Defendants Villasenor and Sanchez move the Court to dismiss the claims against them on the grounds that the TAC fails to state any factual or legal basis to support liability. Defendants Villasenor and Sanchez contend that the allegation in the TAC that they are "investigators with the Los Angeles Cooperative Disability Investigations Unit" ("CDI") fails to establish any connection with the claim that federal agents questioned Plaintiffs about the authenticity and accuracy of affidavits in retaliation for filing affidavits in the *Phan, et al v. Colvin* case. Defendants Villasenor and Sanchez

- 4 -

15cv0583-WQH-NLS

further assert that they are entitled to absolute immunity for any acts alleged in the TAC.

Plaintiffs contend that the TAC sufficiently alleges that Defendants Villasenor and Sanchez appeared at the home of Plaintiff Thai in January 2014 for the purpose of interfering with Thai's attorney-client relationship in retaliation for the filing of Thai's affidavit in the *Phan et al v. Colvin* case. Plaintiffs assert that absolute immunity does not apply under the allegations of the TAC.

**III. Applicable Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

**IV. Analysis**

Plaintiffs continue to allege "they have been the subject of a campaign of intimidation by agents and employees of the Social Security Administration" after filing the *Phan et al v. Colvin* case. (ECF No. 101 at ¶ 1). Plaintiffs allege that Defendants Villasenor and Sanchez are investigators "with the Los Angeles District Attorney (LADA) Investigators unit (INUS) and ... members of the Los Angeles Coopertive Disability Investigations Unit." *Id.* at ¶ 14. The TAC alleges "with respect to state and/or local ... agents William Villasenor and Dulce Sanchez. . . who conspired with federal agents to search and seize plaintiffs, this action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985 and the California Constitution, civil rights statutes and

1 common law based on the fact that the state agents conspired with SSA to deprive
2 plaintiffs of their civil rights and access to courts." *Id*. at ¶ 5.

In order to state a claim under 42 U.S.C. § 1983, Plaintiffs must show that (1) Defendants acted under color of state law and (2) Defendants caused them to be deprived of a right secured by the constitution and laws of the United States. *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). Assuming that federal and state agents acted jointly through the CDI program, Plaintiffs must allege facts to infer a relationship between the SSA and the state "such that the challenged action can fairly be attributed to the state." *Cabrera v. Martin*, 973 F.2d 735, 742-43 (9th Cir. 1992) (internal quotation marks omitted).

In this case, the TAC does not allege sufficient facts to support allegations that Defendants Villasenor and Sanchez acted under color of state law. The Court grants the motion to dismiss Plaintiffs' claims against Defendants Villasenor and Sanchez on the grounds that the allegations of the TAC do not support the exercise of jurisdiction under "42 U.S.C. § 1983, 42 U.S.C. § 1985 and the California Constitution, civil rights statutes and common law based on the fact that the state agents conspired with SSA to deprive plaintiffs of their civil rights and access to courts" as alleged in the TAC. (ECF No. 101 at ¶ 5). The motion to dismiss the TAC filed by Defendants William Villasenor and Dulce Sanchez is granted.

**V. Order to show cause why this case should not be dismissed for lack of jurisdiction**

Unlike state courts, federal courts are courts of limited jurisdiction. *See* U.S. Const. art. III, § 2. "Federal courts ... possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Federal

courts are required *sua sponte* to examine jurisdictional issues[.]" *Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) (quotation omitted).

The TAC alleges jurisdiction based upon 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1343 (civil rights and elective franchise); and 28 U.S.C. § 1346(b) (United States as a Defendant). The TAC alleges "jurisdiction under the Administrative Procedure[s] Act, the Social Security Act, and the Federal Torts Claims Act." (ECF No. 101 at ¶ 3). The TAC further alleges "with respect to current SSA employee-defendants, . . . plaintiffs assert claims against them . . . pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971)." *Id.* at ¶ 4.

In an Order filed on August 18, 2016, this Court concluded that Plaintiffs failed to meet their burden of proving that this Court has subject matter jurisdiction over claims brought under the Administrative Procedures Act, the Federal Torts Claims Act, and the Social Security Act. (ECF No. 79 at 15-17). This Court has repeatedly concluded that Plaintiffs' allegations are not sufficient to state a claim under 42 U.S.C. §§ 1983 and 1985. *Id.* at 12.

The Court concludes that it is required at this stage in the proceedings to order Plaintiffs to show cause whether the remaining Defendants can be sued for damages under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) in light of *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).

In *Ziglar*, the United States Supreme Court vacated and remanded the case for the lower court to determine "whether petitioners can be sued for damages under *Bivens* and the ensuing cases in this Court defining the reach and limits of that precedent." *Id.* at 1854. The Supreme Court explained that

> the Court has made clear that expanding the *Bivens* remedy is now a "disfavored" judicial activity. This is in accord with the Court's observation that it has "consistently refused to extend Bivens to any new context or new category of defendants." Indeed, the Court has refused to do so for the past 30 years.

*Id.* at 1857 (internal citations omitted). The Supreme Court stated, "The Court's

precedents now make clear that a *Bivens* remedy will not be available if there are 'special factors counseling hesitation in the absence of affirmative action by Congress.'" *Id.* (quoting *Carlson v. Green*, 446 U.S. 1, 18 (1980)). The Supreme Court further instructed that the district court must determine whether a particular case presents a new *Bivens* context prior to determining whether to proceed with a special factor analysis. This district court must apply the analysis set forth in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) to the particular allegations of this case before allowing a damages suit to proceed under *Bivens*. *See also Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (remanding case with *Bivens* claim in light of *Ziglar* because "[t]he Court of Appeals here, . . . has not had the opportunity to consider how the reasoning and analysis in *Abbasi* may bear on this case. And the parties have not had the opportunity to brief and argue its significance.").

**VI. Conclusion**

IT IS HEREBY ORDERED that the motion to dismiss the third amended complaint (ECF No. 114) filed by Defendants William Villasenor and Dulce Sanchez is granted.

IT IS FURTHER ORDERED that Plaintiffs are ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of jurisdiction. Plaintiffs shall respond to this Order to Show Cause on or before **August 25, 2017**. Defendants shall file and response to Plaintiffs' pleading by **September 8, 2017**. Plaintiffs may file any reply by **September 15, 2017**. If Plaintiffs fail to respond or fails to establish that this Court has jurisdiction over this action, this case may be dismissed.

DATED: August 7, 2017

**WILLIAM Q. HAYES**
United States District Judge