UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANH TUYET THAI, et al.,<br><br>                      Plaintiffs,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security, et al.,<br><br>                      Defendants. | Case No.:  15cv583-WQH (NLS)<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 1**<br><br>**[ECF No. 166]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 1.  ECF No. 166.  In the motion, Defendants request the entry of a protective order and for an order authorizing the release of the Social Security Administration ("SSA") files pertaining to Don Doan, and Tommy Nguyen.  *Id.*  Plaintiff opposes the request.  After due consideration and for the reasons discussed below, the Court **GRANTS** an order releasing the SSA files and **ENTERS** a protective order in this case.

### I.    BACKGROUND

This is a class action in which Plaintiffs allege that Defendants William Villasenor and Dulce Sanchez violated their constitutional rights when they entered Plaintiffs' homes to question them about their SSA applications for benefits.  ECF No. 101.

The case has a lengthy history.  Don Doan and Tommy Nguyen were previously

named plaintiffs in the lawsuit as well, but were dismissed with prejudice on August 18, 2016. The operative complaint at that time was the Second Amended Complaint, and Plaintiffs alleged in that complaint that they had been "the subject of a campaign of intimidation by agents and employees of the Social Security Administration" after they filed affidavits in another class action against the SSA, *Diep Nguyen, Anh Thai, et al. v. SSA*, 13-2036 (S.D. Cal. 2003). ECF No. 63. Doan and Nguyen were dismissed with prejudice because they did not file affidavits in the prior action. ECF No. 79 at 18.

Plaintiffs then filed a Third Amended Complaint. ECF No. 101. In that complaint, Defendants Villasenor and Sanchez were named for the first time as "armed agents" who were investigators with the Los Angeles District Attorney Investigators Unit and members of the Los Angeles Cooperative Disability Investigations Unit. *Id.* at ¶¶ 14-15. Doan and Nguyen were not named as plaintiffs in this complaint. This complaint was again dismissed. ECF No. 126. The Court also denied a motion for reconsideration on the dismissal, and entered judgment in favor of Defendants. ECF No. 143.

Plaintiffs appealed the judgment to the Ninth Circuit Court of Appeals. ECF No. 144. Plaintiffs appealed the dismissal of their claims against Defendants Villasenor and Sanchez and the appellate court reversed, finding that a plausible claim could exist against them for entering Plaintiff Anh Thai's home without her consent. ECF No. 149 at 4.5 In addition, Doan and Nguyen appealed their dismissal from the Second Amended Complaint and the appellate court also reversed in part, finding that the complaint plausibly alleged that "[s]tate and/or local law enforcement agents of the SSA's CDI unit carrying guns and police badges entered their homes without their consent" but their other claims were properly dismissed because they did not submit affidavits in the prior lawsuit. *Id.* at 5-6.

The case is now back in front of this Court after the appeal. The Court held a case management/status conference with the parties at which time the parties discussed this discovery dispute but failed to reach agreement on the issue. ECF No. 163. The parties subsequently filed the instant motion.

2

## II. DISCUSSION

Defendants make two requests in this motion: (1) first, for an order authorizing the SSA to release files pertaining to Anh Thai, Don Doan, and Tommy Nguyen; and (2) second, for entry of a protective order so that their confidential information is protected. Plaintiffs oppose both requests.

Plaintiff Thai has represented to Defendants and to the Court that she will seek leave to file a Fourth Amended Complaint. That complaint will add Doan and Nguyen as plaintiffs and assert claims on their behalf against Villasenor and Sanchez. However, Defendants assert that Plaintiff refuses to provide them with any information that suggests Doan and Nguyen had contact with Defendants Villasenor or Sanchez sufficient to assert claims against them. ECF No. 166 at 3. Without such information, Defendants argue there may be no standing for those plaintiffs to be added. *Id.* at 7. To release that kind of information, the SSA's Office of Inspector General requires either consent from Doan and Nguyen or a Court order compelling release of their records. *Id.* Because Doan and Nguyen will not consent, Defendants seek this order from the Court, along with a protective order that would protect their confidential information. *Id.* at 3-4.

Plaintiff argues that at present there is no operative complaint in this case , and because Doan and Nguyen are not currently named plaintiffs in this case, there is no basis for Defendants to request their SSA files until they are added. ECF No. 166 at 10-11. Plaintiff also argues that the issue regarding whether Defendants Villasenor and Sanchez had contact with Doan and Nguyen was answered in a letter dated October 5, 2016 where the SSA identified Doan and Nguyen as the two agents who searched "plaintiffs" named in the Second Amended Complaint, which included Doan and Nguyen. *Id.* at 11.

There is an operative complaint in this case, the Third Amended Complaint. The dismissal of this complaint was reversed in part on appeal, and after the mandate was spread, Defendants Villasenor and Sanchez filed their answer to the complaint. ECF No. 151. The parties also jointly filed a status report after the mandate was spread, stating that "Third Amended Complaint is the operative Complaint." ECF No. 152 at 2.

Moreover, the same status report raises the issue here with regard to adding the two new plaintiffs to the case. *See id.* at 3.

Thus, both parties have alerted the Court to the issue regarding Plaintiff seeking to add the two new plaintiffs. Even though the issue has not yet been formally raised in a motion for leave to file an amended complaint, Plaintiff does not dispute her intention to do so. Indeed, Plaintiff raised it on appeal to the Ninth Circuit, which reversed in part on the issue. The only point of contention is one of timing—Plaintiff does not believe that Defendants should get the SSA file discovery related to the two new plaintiffs until the motion is formally made and granted. However, the Court agrees with Defendants. Production of these files right now would promote more efficient litigation of this case. The privacy of Plaintiff Thai and Doan and Nguyen is be protected by the attached protective order. Accordingly, the Court **GRANTS** Defendants' motion and **ISSUES** this order, authorizing the Social Security Administration to release any SSA investigative files pertaining to Don Doan and Tommy Nguyen.[1]

The Court also **ENTERS** the protective order in this case, as attached in Attachment A to this Order. The Court makes modifications to the proposed protective order in **Paragraphs 12, 13, and 27**, as shown in bold and underlined. In addition, if Don Doan and Tommy Nguyen are not ordered to be added as plaintiffs to this case, Defendants must either return and/or destroy, and provide verification to Plaintiff of the destruction, of their SSA files **within 7 days of such order**.

Finally, both parties seek sanctions and fees against the other for having to file this motion. ECF No. 166 at 9-10, 13. The Court **DENIES** both requests and declines to impose monetary sanction either party.

//

---

[1] At times in the motion, Defendants also appear to request the SSA file of Plaintiff Anh Thai. However, Plaintiff Thai has consented to release of her file, *see* ECF No. 166 at 7, which should be sufficient for the SSA to release her file without court intervention.

### III. CONCLUSION

For the reasons stated above, the Court **ISSUES** this order, authorizing the Social Security Administration to release any SSA investigative files pertaining to Don Doan and Tommy Nguyen. The Court also **ENTERS** the protective order, attached in Attachment A.

**IT IS SO ORDERED.**

Dated: September 23, 2020

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge

# ATTACHMENT A
# PROTECTIVE ORDER

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for privacy reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain confidential or private information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1.  The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.  The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; specifications; applications for social security benefits and supporting documents; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; worksheets; notes of conversations; desk diaries; appointment books; recordings; photographs; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.  The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms of LAW OFFICES OF ALEXANDRA T. MANBECK, counsel of record for Plaintiff and

COLLINS MUIR + STEWART, LLP, counsel of record for Defendants. "Counsel" also includes in-house attorneys for the County of Los Angeles.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

   a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

   b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.     Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9.     Information designated "confidential" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

      a)   Executives who are required to participate in policy decisions with reference to this action;

      b)   Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

      c)   Stenographic and clerical employees associated with the individuals identified above.

10.    With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the

9

document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. **Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.**

13. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. **Such objection on designation of any Confidential Information shall be raised in writing within 30 days of the challenging party's receipt of the materials at issue. If the dispute is not resolved consensually between the parties within 7 days of receipt of such written notice, the parties shall file a joint motion for determination of discovery dispute, as outlined in this Court's Chambers Rules, no later than 45 days after the challenging party's receipt of the designated material in issue.** The materials at issue must be treated as confidential information, as designated by

the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

19. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or

(d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

24. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice **or for public policy reasons**, or on its own order at any time in these proceedings.