1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8          SOUTHERN DISTRICT OF CALIFORNIA
9

10  MOHAMMAD NASSIRI, DIEP THI          Case No.:  15-cv-583-WQH-NLS
11  NGUYEN, ANH VAN THAI, DUC
    HUYNH, TRAI CHAU, HOI CUU QUAN      **ORDER**
12  NHAN VNCH, and ROES 1-100, on
    behalf of themselves and all others
13  similarly situated,

14                          Plaintiffs,

15  v.

16  UNITED STATES OF AMERICA; DUKE
17  (DUC) TRAN; SSA-AGENT DOES 1-20;
    STATE AND/OR LOCAL AGENTS CDI
18  DOES   21-40;   MARY   HAGER,
19  Supervisor; NICHOLAS PILCHER, SSA
    Agent; SUNDEEP PATEL, SSA Agent;
20  WILLIAM VILLASENOR; and DULCE
21  SANCHEZ,

22                          Defendants.

23  HAYES, Judge:

24        The matter before the Court is the Motion for Leave to Amend Class Action
25  Complaint filed by Plaintiff Anh Thai. (ECF No. 172).
26  ///
27  ///
28

1

## I.   BACKGROUND

On March 14, 2015, Plaintiffs filed a Class Action Complaint against the Commissioner of Social Security ("Commissioner"), the Social Security Administration ("SSA"), and individual and Doe SSA agents. (ECF No. 1). Plaintiffs brought federal and state law claims arising from SSA agents' alleged harassment and intimidation of Vietnamese, Iranian, and Somalian refugees and immigrants and retaliation against Plaintiffs for filing affidavits in *Phan, et al. v. Colvin*, Case No. 13-cv-2036-WQH-NLS (S.D. Cal.), *appeal dismissed*, 14-55514 (9th Cir. 2015).

On May 12, 2015, Plaintiffs filed a First Amended Class Action Complaint. (ECF No. 15). On December 27, 2015, Plaintiffs filed a Second Amended Class Action Complaint. (ECF No. 63). On August 18, 2016, the Court issued an Order granting in part and denying in part the Commissioner's Motion to Dismiss the Second Amended Class Action Complaint. (ECF No. 79). In relevant part, the Court dismissed all claims by Plaintiffs Tho Van Ha, Tommy Nguyen, and Don Doan with prejudice.

On October 21, 2016, Plaintiffs filed a Motion for Leave to File a Third Amended Class Action Complaint. (ECF No. 92). On December 21, 2016, the Court issued an Order allowing Plaintiffs to file an amended complaint naming only Defendants whom the Court did not dismiss and Defendants identified through discovery, and including only the sixth (Equal Protection), eleventh (First Amendment), and thirteenth (Fourth and Fourteenth Amendment) causes of action that the Court did not previously dismiss. (ECF No. 100).

On January 10, 2017, Plaintiffs Anh Thai, Mohammad Nassiri, Diep Thi Nguyen, Duc Huynh, Trai Chau, Hoi Cuu Quan Nhan VNCH, and Roes 1 through 100 filed a Third Amended Class Action Complaint against Defendants Commissioner, Nicholas Pilcher, Sundeep Patel, William Villasenor, Dulce Sanchez, Duke (Duc) Tran, Mary Hagar, Does 1-20, and State and/or Local Agents CDI[1] Does 21-40. (ECF No. 101). In the Third

---

[1] CDI is an acronym for the SSA Cooperative Disability Investigations Program.

Amended Class Action Complaint, Plaintiffs bring claims against Defendants for 1) retaliating against Plaintiffs for filing a class action and affidavits in violation of the Equal Protection Clause; 2) preventing Plaintiffs from seeking legal representation in violation of the First Amendment rights to associational privacy and free speech; and 3) conducting illegal searches and seizures in violation of the Fourth and Fourteenth Amendments.

On July 19, 2017, the Court entered an Order dismissing Plaintiffs' claims against the Commissioner as moot (the "Commissioner Order"). (ECF No. 125). On March 15, 2017, the Court entered an Order dismissing Plaintiffs' claims against Defendants William Villasenor and Dulce Sanchez for Plaintiffs' failure to allege facts that Villasenor and Sanchez acted under color of state law (the "Villasenor and Sanchez Order"). (ECF No. 126). On January 3, 2018, the Court entered an Order denying reconsideration of the Commissioner Order and the Villasenor and Sanchez Order and dismissing Plaintiffs' remaining claims against Mary Hager, Duke (Duc) Tran, Nicholas Pilcher, and Sundeep Patel with prejudice. (ECF No. 142). On January 4, 2018, a Clerk's Judgment was entered. (ECF No. 143). Plaintiffs Anh Thai, Don Doan, and Tommy Nguyen appealed.

On April 13, 2020, the Court of Appeals for the Ninth Circuit issued its mandate reversing the dismissal of Plaintiff Anh Thai's claims for damages against Defendants William Villasenor and Dulce Sanchez; reversing the dismissal of Plaintiffs Don Doan and Tommy Nguyen's claim for violation of their Fourth Amendment rights, and otherwise affirming the decision of the district court. (ECF No. 149). On April 24, 2020, remaining Defendants William Villasenor and Dulce Sanchez filed an Answer to the Third Amended Class Action Complaint. (ECF No. 151).

On October 7, 2020, Plaintiff Anh Thai filed a Motion for Leave to Amend Class Action Complaint. (ECF No. 172). Plaintiff Thai seeks to again include Don Doan and Tommy Ngyuen as Plaintiffs, add County of Los Angeles (the "County") as a Defendant, add factual allegations, and add claims for race discrimination under the Equal Protection Clause, violation of the Due Process Clause of the Fifth Amendment, conspiracy to violate 42 U.S.C. § 1983, interference with contractual relationship, intentional infliction of

emotional distress, and violation of civil rights under section 52.1 of the California Civil Code.

On November 2, 2020, Defendants William Villasenor and Dulce Sanchez filed an Opposition to the Motion for Leave to Amend. (ECF No. 174). Defendants contend that amendment would be futile. Defendants contend that Tommy Ngyuen lacks standing. Defendants contend that there is no basis for adding additional claims under § 1983 because § 1983 claims were already included in the Third Amended Class Action Complaint. Defendants contend that Plaintiff unduly delayed in adding a claim for intentional infliction of emotional distress. Defendants contend that Plaintiff should not be allowed to add non-federal agents as Defendants because Plaintiff fails to state a claim against non-federal agents. Defendants contend that Plaintiff should not be allowed to add the County as a Defendant because Plaintiff unduly delayed in adding the County, and the statute of limitations has expired.

On November 16, 2020, Plaintiff filed a Reply. (ECF No. 177). Plaintiff contends that the Court of Appeals for the Ninth Circuit ruled that Tommy Nguyen has a viable Fourth Amendment claim. Plaintiff contends that the proposed amendment does not add any claims against any new unknown agents. Plaintiff contends that the proposed amendment includes facts discovered over a year after filing the Third Amended Class Action Complaint that support the claims for interference with civil rights and intentional infliction of emotional distress. Plaintiff contends that adding the County as a party is warranted because Plaintiff did not know that Defendants were supervised by the County rather than by the SSA.

## II.   LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should

consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## III.    RULING OF THE COURT

In the proposed fourth amended class action complaint, Plaintiff adds previously-dismissed Plaintiffs Don Doan and Tommy Nguyen, whom the Court of Appeals for the Ninth Circuit ruled this Court erred in dismissing. Plaintiff replaces Defendants Does 1-20 and State and/or Local Agents CDI Does 21-40 with Defendants "State and/or Local Agents LADA[2] Does 1-10." Plaintiff adds Defendant County of Los Angeles. Plaintiff adds new factual allegations and new claims including interference with civil rights and intentional infliction of emotional distress.

"[T]he sufficiency of an amended pleading ordinarily will not be considered on a motion for leave to amend." *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963); *see Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on [futility] ground[s] is rare."). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be

---

[2] LADA is an acronym for the Los Angeles County District Attorney's Office.

afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. The Court will defer consideration of Defendants' challenges to the merits of the proposed fourth amended class action complaint until after the amended pleading is filed. *See Netbula*, 212 F.R.D. at 539 ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."); *Hynix Semiconductor, Inc. v. Toshiba Corp.*, No. C-04-4708 VRW, 2006 U.S. Dist. LEXIS 82148, at *6 (N.D. Cal. Oct. 31, 2006) (Defendant's challenges to the merits of a proposed amended pleading "should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend."). Defendants have not made "a strong showing" they would be prejudiced by the amendment or that the remaining *Foman* factors warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis omitted).

IT IS HEREBY ORDERED that the Motion for Leave to Amend Class Action Complaint (ECF No. 172) is granted. Plaintiffs shall file the proposed fourth amended complaint attached as Exhibit A to the Motion (ECF No. 172-1) within fourteen (14) days of the date of this Order.

Dated: December 22, 2020

Hon. William Q. Hayes
United States District Court