UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANH VAN THAI, DON DOAN, TOMMY NGUYEN, and ROES 1-100, on behalf of themselves and all others similarly situated,<br><br>                        Plaintiffs,<br>v.<br><br>COUNTY OF LOS ANGELES; WILLIAM VILLASENOR; DULCE SANCHEZ; and STATE AND/OR LOCAL AGENTS LADA DOES 1-10,<br><br>                        Defendants. | Case No.: 15-cv-583-WQH-NLS<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Strike Fourth Amended Complaint filed by Defendants William Villasenor and Dulce Sanchez (ECF No. 182) and the *Ex Parte* Motion for Extension of Time to File Fourth Amended Complaint filed by Plaintiffs Anh Van Thai, Don Doan, and Tommy Nguyen (ECF No. 183).

I. BACKGROUND

On October 7, 2020, Plaintiff Anh Van Thai filed a Motion for Leave to Amend Class Action Complaint. (ECF No. 172).

On December 22, 2020, the Court issued an Order granting the Motion for Leave to Amend Class Action Complaint. (ECF No. 179). The Court stated,

> IT IS HEREBY ORDERED that the Motion for Leave to Amend Class Action Complaint (ECF No. 172) is granted. Plaintiffs shall file the proposed fourth amended complaint attached as Exhibit A to the Motion (ECF No. 172-1) within fourteen (14) days of the date of this Order.

(*Id.* at 6).

On February 19, 2021, Plaintiffs Anh Van Thai, Don Doan, Tommy Nguyen, and Roes 1 through 100 filed a Fourth Amended Class Action Complaint ("FAC"). (ECF No. 180). Plaintiffs also filed a duplicate FAC. (ECF No. 181).

On March 5, 2021, Defendants William Villasenor and Dulce Sanchez filed a Motion to Strike Fourth Amended Complaint. (ECF No. 182). Defendants move to strike the FAC on the grounds it was filed untimely in violation of the Court's December 22, 2020, Order. Defendants further move for sanctions against Plaintiffs and/or their counsel.

On March 9, 2021, Plaintiffs filed an *Ex Parte* Motion for Extension of Time to File Fourth Amended Complaint. (ECF No. 183).

On March 15, 2021, Plaintiffs filed an Opposition to the Motion to Strike. (ECF Nos. 184, 185).

On April 2, 2021, Plaintiffs filed a third FAC, omitting six exhibits that were included with the FACs filed on February 19, 2019. Plaintiffs request a new summons. (ECF No. 186).

On April 5, 2021, Defendants filed a Reply in support of their Motion to Strike. (ECF No. 187).

## II. CONTENTIONS

Defendants contend that Plaintiffs violated the Court's December 22, 2020, Order by filing the FAC forty-five days late, without seeking an extension of time. Defendants contend that Plaintiffs "have repeatedly requested extensions of time either on or after a deadline to file has passed for nearly every filing in this case." (ECF No. 182 at 5 (emphasis

omitted)). Defendants request that the Court strike the FAC pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Section 2(a) of the Southern District of California Electronic Case Filing Administrative Policies and Procedures Manual ("CM/ECF Manual"), and Civil Local Rule 5.4(f). Defendants further request "sanctions in the form of an order of contempt, monetary sanctions, attorneys' fees incurred in bringing this Motion to Strike, or any other sanction this Court deems appropriate" under the Court's inherent powers and Civil Local Rule 83.1(a). (*Id.* at 7).

Plaintiffs contend that the filing delay was due to excusable neglect. Plaintiffs contend that their attorney lost internet connection around December 20, 2020, and never received the electronic notification for the Court's December 22, 2020, Order. Plaintiffs contend that through the first half of February 2021, their attorney was occupied with daily physical therapy and was unaware of the Court-ordered deadline. Plaintiffs contend that their attorney immediately filed the FAC after checking the docket on February 19, 2021. Plaintiffs contend that Defendants are not prejudiced by the forty-five-day delay. Plaintiffs request that the Court extend the time to file the FAC by forty-five days pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure.

### III.   DISCUSSION

The court has broad discretion to grant or deny a request for an extension of time. *See, e.g.*, *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc). Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence' and includes 'omissions caused by carelessness[.]'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 394 (1993)). To determine when neglect is excusable, courts examine the following four "*Pioneer*" factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its

potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)); *see Petrone v. Veritas Software Corp. (In re Veritas Software Corp. Sec. Litig.)*, 496 F.3d 962, 973 (9th Cir. 2007) (applying the *Pioneer* factors to determine excusable neglect on a motion under Rule 6(b)(1)(B)).

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The district court has authority under Rule 12(f) to strike a pleading, in whole or in part[.]" *Culinary & Serv. Emp. Union, Local 555 v. Haw. Emp. Benefit Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982), *as amended* (Sept. 27, 1982). Civil Local Rule 5.4(f) provides that "[t]he Court may direct the Clerk to strike from the record any document which fails to comply with the requirements for electronic filing set forth in the Administrative Policies and Procedures Manual." CivLR 5.4(f). Section 2(a) of the CM/ECF Manual provides that court may strike an "inappropriately filed" document.

In this case, counsel for Plaintiffs failed to review CM/ECF notifications or check the docket for over forty-five days, despite awareness of a pending Motion for Leave to Amend. *See* Manbeck Decl., ECF No. 183-1; *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (failure to periodically check the court's docket for entry of judgment is not excusable neglect). The length of the delay is minimal. There is no prejudice to Defendants, who have had the proposed FAC since December 22, 2020. Counsel for Plaintiffs filed the FAC as soon as she became aware of the missed deadline. (*See* Manbeck Decl., ECF No. 183-1 ¶ 6). There is no indication that counsel for Plaintiffs acted in bad faith by missing the filing deadline. The Court concludes that the delay in filing the FAC was due to excusable neglect. The *Ex Parte* Motion for Extension of Time to File Fourth Amended

Complaint (ECF No. 183) is granted.[1] The Motion to Strike Fourth Amended Complaint (ECF No. 182) is denied.

The court has inherent power to sanction parties or their lawyers for improper conduct. *See Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001); *see also* CivLR 83.1(a) ("Failure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions."). The court may levy sanctions under its inherent power for "willful disobedience of a court order" or when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Id.* at 991-92 (citations omitted). "[T]he litigant must have 'engaged in bad faith or willful disobedience of a court's order.'" *Fink*, 239 F.3d at 992 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-47 (1991)).

In this case, there is no indication that the failure of counsel for Plaintiffs to comply with the Court's December 22, 2020, Order was willful or that counsel acted in bad faith. The request for sanctions is denied. *See id.* at 992-93 ("[M]ere tardiness does not demonstrate the improper purpose or intent required for inherent power sanctions . . . . [T]he district court may not sanction mere inadvertent conduct." (citations omitted)).

**IV.   CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Strike Fourth Amended Complaint (ECF No. 182) is denied. The Clerk of the Court shall issue a new summons.

---

[1] The operative FAC is ECF No. 180. The second FAC filed on February 19, 2021 (ECF No. 181), is duplicative of ECF No. 180. The third FAC filed on April 2, 2021 (ECF No. 186) was filed without leave of Court. (ECF No. 186). The Court strikes ECF Nos. 181 and 186 from the docket.

1  IT IS FURTHER ORDERED that the *Ex Parte* Motion for Extension of Time to File
2  Fourth Amended Complaint (ECF No. 182) is granted. Defendants shall file a responsive
3  pleading to the Fourth Amended Complaint (ECF No. 180) within fourteen (14) days of
4  the date of this order. *See* Fed. R. Civ. P. 15(a)(3).

5  IT IS FURTHER ORDERED that the Clerk shall strike ECF No. 181 and ECF No.
6  186 from the docket.

7  Dated:  April 26, 2021

*[signature]*
Hon. William Q. Hayes
United States District Court