1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANH VAN THAI, DON DOAN, TOMMY NGUYEN, and ROES 1-100, on behalf of themselves and all others similarly situated, | Case No.:  15-cv-583-WQH-NLS |
| | **ORDER** |
| Plaintiffs, | |
| v. | |
| COUNTY OF LOS ANGELES; WILLIAM VILLASENOR; DULCE SANCHEZ; and STATE AND/OR LOCAL AGENTS LADA DOES 1-10, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are: (1) the Motion for Relief from Magistrate Judge Order filed by Plaintiffs Anh Van Thai, Don Doan, and Tommy Nguyen (ECF No. 226); (2) the Motion for Reconsideration of ECF No. 233 filed by Plaintiffs (ECF No. 237); (3) the Motion for Reconsideration of ECF No. 235 filed by Plaintiffs (ECF No. 240); (4) the Motion for Extension of Time to File Answer filed by Defendant County of Los Angeles (ECF No. 245); and (5) the Motion to Strike Defendants' Answer, Motion for Default Judgment, and Motion for Reconsideration of ECF No. 234 filed by Plaintiffs (ECF No. 255).

## I.    BACKGROUND

On February 19, 2021, Plaintiffs Anh Van Thai, Don Doan, Tommy Nguyen, and Roes 1 through 100 filed the operative Fourth Amended Class Action Complaint against Defendants William Villasenor, Dulce Sanchez, County of Los Angeles ("County"), and "State and/or Local Agents LADA Does 1-10." (ECF No. 180). Plaintiffs bring federal constitutional and state law claims arising from the allegedly unlawful search, seizure, and harassment of Vietnamese refugees and immigrants who applied for Social Security benefits.

On June 23, 2021, Plaintiffs filed a Motion for Class Certification. (ECF No. 197).

On June 29, 2021, Plaintiffs filed a Motion for Partial Summary Judgment "on the issue of defendants' liability for violations of the plaintiffs' Fourth Amendment [rights]" under 42 U.S.C. § 1983. (ECF No. 198-1 at 5).

On July 3, 2021, Plaintiffs filed a Motion for Extension of Time to File Motion for Class Certification. (ECF No. 199).

On July 9, 2021, Plaintiffs filed a Motion for Partial Summary Judgment "on the issue of defendants' liability for violations of the plaintiffs' Fifth Amendment rights" under 42 U.S.C. § 1983. (ECF No. 201-1 at 5).

On August 18, 2021, the parties filed a Joint Motion for Determination of Discovery Dispute with the Magistrate Judge. (ECF No. 217). Defendants requested that the Magistrate Judge compel all Plaintiffs to be produced for deposition and compel Plaintiffs Doan and Nguyen to respond to outstanding discovery requests. Plaintiffs requested that the Magistrate Judge reopen class discovery. Both parties requested sanctions. On September 8, 2021, the Magistrate Judge issued an Order granting Defendants' requests and denying Plaintiffs' requests. (ECF No. 220).

On September 8, 2021, Plaintiffs filed a Motion to Amend the Complaint to remove Tommy Nguyen as a named Plaintiff. (ECF No. 221).

On September 21, 2021, Plaintiffs filed a Motion for Relief from Magistrate Judge Order, requesting that the Court "reverse the Magistrate Order imposing sanctions upon

plaintiffs' attorney." (ECF No. 226-8 at 33). On October 4, 2021, Defendants filed an Opposition to the Motion for Relief from Magistrate Judge Order. (ECF No. 229). On October 8, 2021, Plaintiffs filed a Reply. (ECF No. 231).

On October 14, 2021, the Court issued: (1) an Order denying Plaintiffs' Motion for Class Certification and Motion for Extension of Time to File Motion for Class Certification ("Class Certification Order") (ECF No. 233); and (2) an Order denying Plaintiffs' Motion to Amend the Complaint ("Amendment Order") (ECF No. 234). On October 29, 2021, the Court issued an Order denying Plaintiffs' Motions for Partial Summary Judgment ("Summary Judgment Order"). (ECF No. 235).

On November 13, 2021, Plaintiffs filed a Motion for Reconsideration of the Class Certification Order. (ECF No. 237). On November 25, 2021, Plaintiffs filed a Motion for Reconsideration of the Summary Judgment Order. (ECF No. 240).[1]

On November 29, 2021, Defendants filed an Opposition to the Motion for Reconsideration of the Class Certification Order. (ECF No. 243).

On December 6, 2021, Defendant County filed an Answer to the Fourth Amended Class Action Complaint (ECF No. 246) and a Motion for Extension of Time to File Answer (ECF No. 245). On the same day, Plaintiffs filed a Reply in support of the Motion for Reconsideration of the Class Certification Order. (ECF No. 248).

On December 13, 2021, Defendants filed an Opposition to the Motion for Reconsideration of the Summary Judgment Order. (ECF No. 253).

On December 14, 2021, Plaintiffs filed an Opposition to the Motion for Extension of Time to File Answer. (ECF No. 254).

On December 19, 2021, Plaintiffs filed a Motion to Strike Defendants' Answer, Motion for Default Judgment, and Motion for Reconsideration of the Amendment Order. (ECF No. 255).

---

[1] Plaintiffs' *Ex Parte* Motions for Leave to Exceed Page Limit (ECF Nos. 247, 257) are granted.

On December 20, 2021, Plaintiffs filed a Reply in support of the Motion for Reconsideration of the Summary Judgment Order. (ECF No. 256).

On January 4, 2022, Defendants filed an Opposition to the Motion to Strike Defendants' Answer, Motion for Default Judgment, and Motion for Reconsideration of the Amendment Order. (ECF No. 259). On January 11, 2022, Plaintiffs filed a Reply. (ECF No. 260).

## II.   MOTION FOR RELIEF FROM MAGISTRATE JUDGE ORDER (ECF No. 226)

Plaintiffs move the Court to "correct[] the order issued by the Magistrate Judge" and "remove sanctions against plaintiffs' attorney" pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. (ECF No. 226 at 1). Plaintiffs contend that "sanctions are unjustified pursuant to Rule 37 [of the Federal Rules of Civil Procedure]," because Defendants' motion to compel was "premature and unnecessary," and Plaintiffs "were justified in seeking the court's clarification of the scope of discovery prior to undergoing depositions due to their severe and ongoing illnesses." (ECF No. 226-8 at 4, 7).[2]

Defendants contend that Plaintiffs "fail to identify how the Magistrate's Order for sanctions was clearly erroneous or contrary to law" under Rule 72(a). (ECF No. 229 at 2). Defendants contend that the Magistrate Judge reasonably determined that none of the exceptions to the sanctions mandate under Rule 37 apply. Defendants contend that their motion to compel was reasonable, necessary, and filed after a lengthy meet and confer process. Defendants further contend that Plaintiffs' refusal to participate in discovery without an order stating that fact discovery had closed was not substantially justified.

Rule 72 of the Federal Rules of Civil Procedure provides that the Court must consider timely objections to any non-dispositive order issued by a magistrate judge "and

---

[2] Plaintiffs assert that Plaintiff Tommy Nguyen "withdrew from the action after being informed of the discovery requirements." (ECF No. 226-8 at 28). The Court denied Plaintiffs' Motion to Amend the Complaint to remove Plaintiff Nguyen (*see* ECF No. 234), and Plaintiffs have not filed any motion to dismiss Plaintiff Nguyen. Plaintiff Nguyen remains a Plaintiff in this case.

modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard, which applies to a magistrate judge's findings of fact, is "significantly deferential, requiring a definite and firm conviction that a mistake as been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993). A magistrate judge's conclusions of law are "contrary to law" if the magistrate judge applies an incorrect legal standard, misapplies the applicable standard, or fails to consider an element of the applicable standard. Fed. R. Civ. P. 72(a); *see, e.g.*, *Hunt v. Nat'l Broad. Co.*, 872 F.2d 289, 292 (9th Cir. 1989). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

The Magistrate Judge issued an Order granting Defendants' requests to compel discovery on September 8, 2021. (*See* ECF No. 220). The Magistrate Judge "confirm[ed] that fact discovery remains open" and ordered Plaintiffs to submit to depositions and respond to outstanding discovery requests. (*Id.* at 4). Rule 37 of the Federal Rules of Civil Procedure mandates that when a motion to compel discovery is granted, the court "must" order "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if:"

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

*Id.*

The Magistrate Judge applied Rule 37 and analyzed whether any of the exceptions applied. The Magistrate Judge's Order stated:

> First, the Court does not find [Defendants'] motion premature—Defendants detailed the lengthy meet and confer discovery process of attempting to obtain

dates for Plaintiffs' depositions and to obtain the written discovery. . . . Plaintiffs' counsel herself even stated that they were at an impasse, needed court clarification . . ., and suggested filing a joint motion.

Second, the Court does not find Plaintiffs' position [that fact discovery was closed] substantially justified. The Scheduling Order issued in the case was a standard class action scheduling order for this district, and was clear in setting a deadline for only class discovery. . . .

Finally, Plaintiffs argue that "other circumstances" exist here because they did not have access to Social Security Administration files that would have allowed plaintiffs to respond to requests for production and requests for admission. If this was the case, the recourse is not to ignore the requests but to communicate with opposing party and the Court to request more time to respond if necessary. Furthermore, this excuse does not explain Plaintiffs' failure to schedule the depositions or their position with regard to class discovery.

Accordingly, the Court GRANTS Defendants' request for sanctions.

(ECF No. 220 at 9-10 (citations omitted)). The Magistrate Judge reasonably applied Rule 37 to the facts as presented by the parties. Plaintiffs have failed to demonstrate that any part of the Magistrate Judge's Order was clearly erroneous or that the Magistrate Judge applied an incorrect legal standard, misapplied the applicable standard, or failed to consider an element of the applicable standard. Plaintiffs' Motion for Relief from Magistrate Judge Order is denied.[3]

## III.   MOTIONS FOR RECONSIDERATION (ECF Nos. 237, 240, 255)

Plaintiffs move for reconsideration of: (1) the Class Certification Order (ECF No. 233); (2) the Summary Judgment Order (ECF No. 235); and the Amendment Order (ECF No. 234). "A district court may reconsider [a prior order] under either Federal Rule of Civil Procedure 59(e) (motion to amend or alter judgment) or Rule 60(b) (relief from judgment)." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

---

[3] Defendants' request that the Court "include reasonable expenses incurred in opposing Plaintiffs' Motion for Relief from the Magistrate's Order" in the award of sanctions is denied. (ECF No. 229 at 8).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or of there is an intervening change in the controlling law." *Id.* (applying Rule 59(e)) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* Fed. R. Civ. P. 60(b)(2) (providing that reconsideration may be granted for several reasons, including "newly discovered evidence"). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003).

### a. Class Certification Order (ECF No. 233)

Plaintiffs move the Court to reconsider the Class Certification Order based on "newly discovered evidence" under Rules 59(e) and 60(b)(2). (ECF No. 237-1 at 4). Plaintiffs contend that the deposition transcript of Defendant Villasenor, which was obtained after the Court issued the Class Certification Order on October 14, 2021, demonstrates that the proposed class "meets the numerosity, typicality and commonality requirements of Rule 26." (*Id.*) Plaintiffs further reassert arguments previously raised that Plaintiffs' attorney is capable of representing the proposed class and that the Court should extend the time for Plaintiffs to file the Motion for Class Certification.

Defendants contend that the Motion for Reconsideration is untimely. Defendants contend that the deposition transcript does not constitute newly discovered evidence because it could have been discovered with reasonable diligence before the Class Certification Order was issued. Defendants contend that the deposition does not "offer new or different facts or circumstances that would support a finding of an ascertainable or sufficiently numerous class" and "does nothing to remedy the Court's denial on the basis that the motion was untimely." (ECF No. 243 at 6-7).

Plaintiffs have failed to show that the deposition transcript of Defendant Villasenor constitutes newly discovered evidence within the meaning of Rule 60(b) or that Plaintiffs

exercised due diligence to discover the evidence. Plaintiffs did not conduct discovery before the close of class discovery on December 31, 2020. Plaintiffs assert that they "could not possibly have deposed Defendants at any time prior to July 2021 since Plaintiffs' attorney did not obtain the requisite document linking Defendants to searches that have been the subject of litigation until July 2021." (ECF No. 248 at 9). However, since the filing of the Third Amended Complaint on January 10, 2017, Plaintiffs have alleged that that Defendant Villasenor conducted the searches that are the subject of this litigation. (*See* ECF No. 101 at 7-9, 11-12, 26-27). Even if the Court were to credit Plaintiffs' assertion that they "could not possibly have deposed Defendants at any time prior to July 2021," this does not explain why Plaintiffs waited until after the Court's October 14, 2021 Class Certification Order to take Defendant Villasenor's deposition. Plaintiffs have failed to show that they could not have deposed Defendant Villasenor before the Court issued its Class Certification Order by exercising due diligence. *See Coastal Transfer*, 833 F.2d at 212 ("Evidence is not 'newly discovered' . . . if it was in the moving party's possession at the time of [the order] or could have been discovered with reasonable diligence.").

Further, Villasenor's deposition transcript would not have changed the disposition of the Motion for Class Certification. The Court denied Plaintiffs' Motion for Class Certification on the grounds that the Motion was untimely. (*See* ECF No. 233 at 5). The deposition transcript has no bearing on the timeliness of the Motion for Class Certification. The Class Certification Order stated in the alternative that "[e]ven if the Court considers the untimely Motion for Class Certification, Plaintiffs fail to demonstrate that the requirements of Rule 23 are met." (*Id.* at 6). The Villasenor's deposition testimony that he investigated "hundreds of cases" (ECF No. 237-1 at 9), including the cases of Plaintiffs Thai and Doan, does not support a conclusion that any investigations, apart from the investigations of Plaintiffs Thai and Doan, involved people who fall within the proposed class or that the proposed class otherwise meets the requirements of Rule 23. For example, Plaintiffs have pointed to nothing in the deposition testimony of Defendant Villasenor that would alter the Court's finding that the proposed class was overbroad and not ascertainable

because the proposed class would require the Court to evaluate the merits of each individual claim to determine whether a person is a member of the class. (*See* ECF No. 233 at 7).

Plaintiffs have failed to show that the "extraordinary remedy" of reconsideration is warranted in this case. *Kona Enters.*, 229 F.3d at 890. Plaintiffs' Motion for Reconsideration of the Class Certification Order (ECF No. 237) is denied.

### b. <u>Summary Judgment Order (ECF No. 235)</u>

Plaintiffs move the Court to reconsider the Summary Judgment Order based on "newly discovered evidence" under Rules 59(e) and 60(b)(2). (ECF No. 240-1 at 3). Plaintiffs contend that the deposition transcripts of Defendants Villasenor and Sanchez, which were obtained after the Court issued the Summary Judgment Order on October 29, 2021, "demonstrat[e] that the defendants acted under color of state law and thus violated Plaintiffs' Fourth and Fourteenth Amendment rights under Section 1983." (ECF No. 240-1 at 3).

Defendants contend that "Plaintiffs have honed in on a single basis offered by the Court in support of its denial of Plaintiffs' two Motions for Partial Summary Judgment while ignoring all other reasons supporting the denial." (ECF No. 253 at 2). Defendants further contend that "Plaintiffs fail to offer any reasonable explanation as to why . . . Plaintiffs could not have just waited to file their motions for summary judgment until conducting some discovery and gathering evidence they now argue is necessary to support their arguments." (*Id.*).

Plaintiffs have failed to show that the deposition transcripts of Defendants Villasenor and Sanchez constitute newly discovered evidence within the meaning of Rules 59(e) and 60(b) or that Plaintiffs exercised due diligence to discover the evidence. As discussed above, there is no indication that Plaintiffs could not have discovered the depositions of Defendants Villasenor and Sanchez before the Court's ruling on Plaintiffs' Motions for Partial Summary Judgment (*see supra*, Part III(a)). Fact discovery remains open, and there was no set deadline to file dispositive motions at the time the Court issued its Summary

Judgment Order on October 29, 2021. (*See* ECF No. 249 at 1, 3 (Scheduling Order issued on December 7, 2021, setting a fact discovery deadline of March 25, 2022, and a pretrial motion deadline of July 15, 2022)).

Further, the deposition transcripts would not have changed the disposition of the Motions for Partial Summary Judgment. The Court denied Plaintiffs' Motions for Partial Summary Judgment, in part, on the grounds that "there are issues of material fact as to whether Plaintiffs were deprived of their constitutional rights *and* as to whether Defendants Villasenor and Sanchez were acting under color of state law at the time of the alleged deprivations." (*See* ECF No. 235 at 14 (emphasis added)). Plaintiffs rely on statements in the deposition transcripts related to state action, which have no bearing on the Court's finding that there are issues of material fact as to whether any Defendant violated Plaintiffs' constitutional rights. (*See id.* at 13-14 (holding that "the evidence regarding the alleged constitutional violations consists largely of competing Declarations by Plaintiffs and Defendants, which require a weighing of the evidence and a determination of credibility that are the functions of the jury, not of the Court on a motion for summary judgment")). In addition, the deposition testimony—asserting that Defendants reported to County and federal supervisors and were evaluated by County and federal officials—would have not have changed the Court's conclusion that "[t]he evidence provided by the parties in this case demonstrates that there is an issue of material fact as to whether Defendants Villasenor and Sanchez were acting under color of state law." (*Id.* at 12). Plaintiffs have failed to show that the "extraordinary remedy" of reconsideration is warranted in this case. *Kona Enters.*, 229 F.3d at 890. Plaintiffs' Motion for Reconsideration of the Summary Judgment Order (ECF No. 240) is denied.

### c.  **Amendment Order (ECF No. 234)**

Plaintiffs move the Court to reconsider the Amendment Order based on "newly discovered evidence" under Rule 60(b)(2). (ECF No. 255-1 at 27). Plaintiffs contend that the "County's late filing [of their answer] informed Plaintiffs that they had the absolute right under FRCP Rule 15(a)(1) to amend their complaint once before the filing of

County's answer." (*Id.*). Defendants contend that the Motion for Reconsideration is untimely. Defendants contend that the inadvertent failure to file an Answer to the Fourth Amendment Complaint is "not 'evidence'" and could have been discovered "with a simple review of the docket." (ECF No. 259 at 10).

The Court issued the Amendment Order on October 14, 2021. Plaintiffs filed their Motion for Reconsideration of the Amendment Order on December 19, 2021, approximately two months after Court issued the Amendment Order. Plaintiffs' Motion for Reconsideration is timely under Rule 60(b). *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for [newly discovered evidence] no more than a year after the entry of the judgment or order or the date of the proceeding.").

The failure of Defendant County to file a timely Answer to the Fourth Amended Complaint is not newly discovered evidence under Rule 60(b). The County's Answer was due on August 26, 2021, fourteen days after the Court issued its Order on Defendant's Motion to Dismiss the Fourth Amended Complaint. *See* Fed. R. Civ. P. 12(a)(4)(A); ECF No. 216. Plaintiffs could have discovered the failure to file a timely Answer with due diligence several weeks before the Court issued its Amendment Order by viewing the public docket and consulting the Federal Rules of Civil Procedure.

Further, Plaintiffs were not entitled to amend the Fourth Amended Class Action Complaint as of right. Rule 15 of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Plaintiffs have amended the Complaint four times, including once as a matter of course. (*See* ECF No. 14). In addition, Plaintiffs filed the Motion to Amend the Complaint on September 8, 2021, more than 21 days after service of the County's Rule 12(b) motion on May 10, 2021. Plaintiffs' Motion for Reconsideration of the Amendment Order (ECF No. 255) is denied.

## IV.    MOTION FOR EXTENSION OF TIME TO FILE ANSWER (ECF No. 245); MOTION TO STRIKE ANSWER & MOTION FOR DEFAULT JUDGMENT (ECF No. 255)

Defendant County moves the Court to extend the time for the County "to file its answer to Plaintiffs' Fourth Amended Complaint on December 6, 2021, pursuant to Rule 6(b)(1)(B) and Local Rule 12.1, which was not timely filed following the Court's August 12, 2021 Order." (ECF No. 245 at 4). The County contends that in its counsel's "haste to timely respond to all outstanding motions and address the pending discovery dispute, counsel for County mistakenly believed an answer to the Fourth Amended Complaint had been timely filed on County's behalf, but it was not." (*Id.* at 2). The County contends that Plaintiffs would not be prejudiced by an extension of time, because "County has been participating in litigation as though its answer had already been filed," Plaintiffs were already aware of several of the County's defenses, and discovery remains open. (*Id.* at 3).

Plaintiffs move the Court to strike the County's untimely Answer and enter default judgment against the County. Plaintiffs contend that the County's reason for filing an untimely Answer is a "falsehood" because the County is represented by a large law firm. (ECF No. 255-1 at 10). Plaintiffs contend that they would be prejudiced by the County's untimely Answer because "Plaintiffs would have no time to obtain discovery relating to the[] 50 affirmative defenses" alleged in the Answer. (*Id.*).

The court has broad discretion to grant or deny a request for an extension of time. *See, e.g., Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc). Rule 6(b) of the Federal Rules of Civil Procedure provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect 'encompas[es] situations in which the failure to comply with a filing deadline is attributable to negligence' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388

(1993)). To determine when neglect is excusable, courts examine the following four "*Pioneer*" factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)); *see Petrone v. Veritas Software Corp.*, 496 F.3d 962, 973 (9th Cir. 2007) (applying the *Pioneer* factors to determine excusable neglect on a motion under Rule 6(b)(1)(B)).

In this case, Defendant County filed its answer to the Fourth Amended Class Action Complaint on December 6, 2021, several months after the August 26, 2021 deadline. *See* Fed. R. Civ. P. 12(a)(4)(A) (providing that a defendant must serve a responsive pleading "within 14 days after" after the court denies a motion under Rule 12). Counsel for the County states in a Declaration:

> Amidst the flurry of motion work and meeting and conferring with counsel for Plaintiffs regarding the ongoing and significant discovery dispute between the parties, I mistakenly believed an answer had been filed on behalf of County following the Court's August 12, 2021 Order granting in part and denying in part County's Motion to Dismiss. On December 3, 2021, while reviewing the case file following the Court's December 1, 2021 Scheduling Conference, I discovered that an answer had not yet been filed on County's behalf. I immediately prepared an ex parte request for an extension of time to remedy this error and filed it the next business day, on December 6, 2021.

(ECF No. 245 at 5-6). There is no indication that the County has failed to act in good faith. The delay caused by the failure to answer is minimal, particularly in light of the County's vigorous litigation of this case since August 2021. The danger of prejudice to Plaintiffs is low, given that discovery remained open until March 25, 2022, and Plaintiffs were unaware that the County failed to file an answer until the County requested an extension. Further, there is a strong policy that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). The Court concludes that the County's neglect is excusable, and good cause exists to extend the time for Defendant County to file its Answer to the Fourth Amended Class Action Complaint.

Defendant County's Motion for Extension of Time to File Answer (ECF No. 245) is granted. Plaintiffs' Motion to Strike Defendants' Answer and Motion for Default Judgment (ECF No. 255) is denied.[4]

## V.   CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for Relief from Magistrate Judge Order (ECF No. 226); Motion for Reconsideration of ECF No. 233 (ECF No. 237); Motion for Reconsideration of ECF No. 235 (ECF No. 240); and Motion to Strike Defendants' Answer, Motion for Default Judgment, and Motion for Reconsideration of ECF No. 234 (ECF No. 255) are denied.

IT IS FURTHER ORDERED that Plaintiffs' *Ex Parte* Motions for Leave to Exceed Page Limit (ECF Nos. 247, 257) are granted.

IT IS FURTHER ORDERED that Defendant County's Motion for Extension of Time to File Answer (ECF No. 245) is granted.

Dated:  April 5, 2022

Hon. William Q. Hayes
United States District Court

---

[4] Plaintiffs have moved to strike the County's Answer on the grounds that it is untimely and to strike the County's 50 affirmative defenses on substantive grounds in the same motion seeking default judgment and reconsideration of the Amendment Order. The Court has extended the time for Defendant County to file its Answer and defers consideration of any substantive challenges to the Answer that may be raised by properly noticed motion.

15-cv-583-WQH-NLS