UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANH TUYET THAI, et al., | Case No.: 15cv583-WQH (NLS) |
| Plaintiffs, | **ORDER :** |
| v. | **(1) DENYING MOTION TO COMPEL PLAINTIFFS TO SIT FOR MENTAL EXAMINATION;** |
| COUNTY OF LOS ANGELES; WILLIAM VILLASENOR; DULCE SANCHEZ; and STATE AND/OR LOCAL AGENTS LADA DOES 1-10, | **(2) GRANTING MOTION FOR LEAVE TO SUBSTITUTE PSYCHOLOGICAL EXPERT; and** |
| Defendants. | **(3) GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER** |
| | **[ECF Nos. 261, 277, 282, 283]** |

Before the Court are several related motions.  First, Defendants filed a Motion to Request an Order Pursuant to Federal Rule of Civil Procedure 35(a) Compelling Plaintiffs to Submit to a Mental Examination.  ECF No. 261.  Second, Defendants filed a Motion for Leave to Substitute their Designated Psychological Expert due to Illness.  ECF No. 277.  Finally, Plaintiffs filed a Motion for Protective Order for all of Plaintiffs'

1

Treating Physicians.  ECF No. 283.  After due consideration, the Court: (1) **DENIES** the motion to compel a Rule 35 examination (ECF No. 261); (2) **GRANTS** the motion for leave to substitute Defendants' psychological expert; and (3) **GRANTS IN PART** and **DENIES IN PART** the motion for protective order for Plaintiffs' treating physicians.

## I.   BACKGROUND

This is a class action lawsuit in which Plaintiffs allege that Defendants violated their constitutional rights when Los Angeles County investigators William Villasenor, Dulce Sanchez, and other unknown agents entered Plaintiffs' homes to question them about their SSA applications for benefits.  ECF No. 180.

## II.   MOTION FOR MENTAL EXAMINATION

In this motion, Defendants seek an order from the Court to permit Rule 35 mental examinations of the named Plaintiffs.  ECF No. 261.

### a.  Legal Standards

Federal Rule of Civil Procedure 35 governs mental examinations and authorizes the court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1).  The order may be made "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  Fed. R. Civ. P. 35(a)(2).

A Rule 35 examination requires a showing that the party's mental or physical condition is "in controversy" and that there is "good cause" supporting the order. *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964).  More than a showing of "mere relevance" is required to meet this standard.  *Id.* at 118.  A claim of emotional distress can place a person's mental state "in controversy" if accompanied with one or more of the following:  "(1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to

support a claim of emotional distress; or (5) plaintiff's concession that his or her mental condition is 'in controversy.'" *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995).  The following factors are considered in determining if there is "good cause" to permit the examination:  "(1) the possibility of obtaining desired information by other means; (2) whether plaintiff plans to prove her claim through testimony of expert witnesses; (3) whether the desired materials are relevant, and; (4) whether plaintiff claims ongoing emotional distress." *Mailhoit v. Home Depot U.S.A., Inc.*, No. CV1103892DOCSSX, 2013 WL 12122580, at \*4 (C.D. Cal. Jan. 24, 2013).

**b. Discussion**

Defendants argue that Plaintiffs have put their mental state "in controversy" since they maintain a cause of action for intentional infliction of emotional distress, have made allegations of specific mental/psychiatric injuries, and have made a claim of severe emotional distress.  ECF No. 261 at 15.  Specifically, Defendants point to the inclusion of the eighth cause of action in the case for intentional infliction of emotional distress.  ECF No. 180 at ¶¶ 78-80.  In addition, Defendants point out that Plaintiffs have alleged specific ailments—including post-traumatic stress disorder and major depressive order.  *Id.* at ¶¶ 50-52.  Thus, Defendants argue that the allegations here amount to more than garden variety claims of emotional distress.  The Court agrees that Plaintiffs have likely placed their mental state in "controversy" as defined under *Turner*.

However, in additional to having to place their mental state in "controversy," Defendants must establish good cause to permit the exam.  As to these factors, first, Plaintiffs have represented to the Court that they will not rely on expert testimony regarding Plaintiffs' mental state.  ECF No. 261 at 27; ECF No. 261-2 at ¶ 24.  Second, in light of this, Plaintiffs argue that Defendants have access to sufficient alternative means to get the needed information.  On February 3, 2022, Plaintiffs supplemented their initial disclosures to include the following treatment information:

Dr. James Grisolia, M.D., 4033 Third Av.,#410, San Diego, CA 92103, (619)297-1155.

Dr. Jon Highum, M.D., 225 W. Madison Av., St#2, El Cajon, CA 92020,(619)971-1423.
Dr. Nadine Sidrick, M.D., 4440 Euclid Av., San Diego, CA 92115, (619) 582-5105.
Dr. Grisolia, Dr. Sidrick and Dr. Highum are treating physicians of Plaintiffs for their neurologic and mental problems.

ECF No. 261-2 at ¶ 7.  Plaintiffs argue that Defendants could retrieve the information they need from treatment records.  In addition, Plaintiffs argue that much medical records have already been provided to Defendants and Defendants have taken hours of deposition testimony already from Plaintiffs.  ECF No. 261 at 28-32; *see also* ECF No. 281 (noting that Defendants' expert Dr. Lee reviewed treating notes from Drs. Grisolia, Henderson, Englehorn, Friedman, and Lessner).  Thus, Plaintiffs argue that sufficient alternative means exist to get the needed information, without having to further subject Plaintiffs to an intrusive mental examination.

The Court agrees with Plaintiffs that insufficient good cause has been shown.  In light of the information already provided and the alternate means to get mental treatment information, the Court **DENIES** the request for a mental examination of Plaintiffs.

## III.   MOTION TO AMEND SCHEDULE

The second motion in front of the Court is Defendants' motion for leave to substitute their current psychological expert, Dr. Lee, due to illness and to serve an amended Rule 26 expert report.  ECF No. 277.

Specifically, Defendants state that they retained Dr. Lee in February 2022, without any indication at that time that he could be incapable of performing the services he was retained for.  *Id.* at 3.  Dr. Lee completed his expert report and served it on April 25, 2022.  *Id.* at 4.  Shortly thereafter on May 10, 2022, Dr. Lee was seen by his own doctor, who found that his work exacerbated his physical conditions and recommended that he stop working and retire.  *Id.*  After learning of Dr. Lee's condition, Defendants state that they retained another expert, Dr. Lauren Mai, to substitute in.  *Id.* at 4-5.

4

Plaintiffs oppose the request, arguing that Defendants should have been aware of his potential issue given Dr. Lee's advance aged when he was retained, and Defendants should have retained two expert witnesses before the expert opening report deadline due to this risk.[1]  ECF No. 281 at 5-6.

In light of the circumstances, the Court finds that Defendants have established good cause for seeking a limited extension of the expert discovery deadlines in order to substitute in Dr. Mai for Dr. Lee.  The Court notes that there is a motion in limine pending regarding Dr. Lee, but the motion deadline for filing such motions has not yet passed.  *See* ECF No. 276.

Thus, the Court **GRANTS** the motion and orders as follows:

(1)  Dr. Mai may be designated as a substitute expert for Dr. Lee.

(2)  Dr. Mai may submit a new expert report by __**July 15, 2022**__.  However, her expert report must be:  (1) limited to only review of the materials reviewed by Dr. Lee; and (2) she may not opine on any new topics that Dr. Lee did not opine on in his expert report.

(3)  Plaintiffs may request to depose Dr. Mai and/or submit a rebuttal report by __**July 29, 2022**__.

(4)  The current deadline to bring any pretrial motions is July 15, 2022.  The Court **EXTENDS** this deadline to __**August 15, 2022**__.

## IV.    MOTION FOR PROTECTIVE ORDER

The final motion in front of the Court is a motion by Plaintiffs for a protective order to quash the deposition subpoenas served on their treating physicians by Defendants.  ECF No. 283.  The motion involves five treating physicians: (1) Dr. John

---

[1] In Plaintiffs' opposition to the motion (ECF No. 281), Plaintiff also makes several arguments regarding whether Dr. Lee and/or Dr. Mai are qualified under Federal Rule of Civil Procedure 702.  These arguments are not properly part of this motion and will not be addressed.

Highum; (2) Dr. Nadine Sidrick; (3) Dr. James Grisiola; (4) Dr. Harry Henderson; and (5) Dr. Don Miller.

It is not disputed how these treating physicians were disclosed to Defendants. First, on February 2, 2022, Plaintiffs served "Supplemental Initial Disclosure Pursuant to Federal Rules of Civil Procedure 26(a) and (e)" and listed Drs. Highum, Sidrick, and Grisiola as "treating physicians of Plaintiffs for their neurologic and mental problems." ECF No. 287-1 at 10-11.  Second, on May 20, 2022, Plaintiffs served a document titled "Supplemental Disclosures" that included a section titled "MEDICAL TESTIMONY-TREATING PHYSICIANS."  *Id.* at 6-7.  This section listed the three previous doctors, and also listed in addition Drs. Henderson and Miller.  *Id.* at 7.  The disclosure stated that "Plaintiffs' past and current treating physicians are designated as fact witnesses who could be called to testify about Plaintiffs' medical condition at trial pursuant to Rule 26(a)(l)(A)(ii)."  *Id.*  In addition, Plaintiffs claim that these doctors were also disclosed in interrogatory responses as early as October 2021.  ECF NO. 283-1 at 6-7.  After receiving the May 20, 2022 supplemental disclosures, Defendants issued deposition subpoenas. *See* ECF Nos. 283-3; 283-4.

Plaintiffs argue that the deposition subpoenas came too late since fact discovery closed on March 25, 2022.  ECF No. 249.  Plaintiffs argue that treating physicians are treated like fact witnesses rather than expert witnesses, and that they have complied with the disclosure requirements for fact witnesses.  ECF No. 283-1 at 14.  While acknowledging that there are two types of expert witnesses under Rule 26—those "retained or specially employed to provide expert testimony" that must provide expert reports under Fed. R. Civ. P. 26(a)(2)(B) and those that are not required to provide expert reports under Fed. R. Civ. P. 26(a)(2)(C)—Plaintiffs argue that the treatment notes and evaluations have fulfilled these requirements as well.  *Id.* at 15.

Rule 26 contemplate two different classes of experts: those "retained or specially employed to provide expert testimony," and witnesses who are not retained or specially employed but, nevertheless, may provide expert testimony.  *Carrillo v. B & J Andrews*

*Enterprises, LLC*, No. 2:11-CV-01450-RCJ, 2013 WL 394207, at *3 (D. Nev. Jan. 29, 2013).  Those specially retain expert witnesses under Rule 26(a)(2)(B) must provide expert reports, whereas other expert witnesses under Rule 26(a)(2)(C) must only be disclosed with the following information: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).

"Treating physicians are clearly experts" where they will testify regarding their medical opinions.  *Langermann v. Prop. & Cas. Ins. Co. of Hartford*, No. 2:14-CV-00982-RCJ, 2015 WL 4724512, at *4 (D. Nev. Aug. 10, 2015).  Listing a physician in initial disclosures and providing medical records does not suffice to meet the disclosure obligation under Rule 26(a)(2)(C).  *Id.* ("These disclosures are insufficient to comply with Plaintiff's obligations under Rule 26(a)(2)(C). The disclosure contains no information about the facts and opinions on which each provider is expected to testify as required by Rule 26(a)(2)(C)(ii). The disclosure contains only the most generic, unhelpful description of the subject matter on which each provider is expected to present evidence under Rules 702, 703, or 705 Federal Rules of Evidence as required by Rule 26(a)(2)(C)(i) of the Federal Rules of Civil Procedure. Providing voluminous treating provider medical records is simply insufficient to enable [defendant] to determine what opinions the treating physicians will offer.").

Based on this framework, it is clear that Plaintiffs cannot have it both ways.  If they want to want the five treating physicians to testify regarding their medical opinions that would be considered expert opinions under Rule 702, they must be disclosed as detailed in Rule 26(a)(2)(C).  The way that they have been disclosed so far—through supplemental initial disclosures and interrogatory responses—does not meet Rule 26(a)(2)(C)'s requirements.  Conversely, if Plaintiffs do not want the treating physicians to testify regarding medical opinions that would be considered expert opinions under

Rule 702, they must be prepared to limit the testimony as such or risk *in limine* motions that would exclude certain testimony.

Plaintiffs have made contradictory statements in their filings with regard to whether they consider these treating physicians as fact or expert witnesses.  Thus, the Court will **GRANT IN PART** and **DENY IN PART** this motion to allow the Plaintiffs to clarify their position.  The Court **ORDERS**  as follows:

(1) By **July 8, 2022**, Plaintiffs must disclose to Defendants whether they are designating the five treating physicians as experts under Fed. R. Civ. P. 26(a)(2)(C).  If they are so designating, they must concurrently provide disclosures as required under that rule.  Providing treatment records does not suffice to satisfy this requirement.   If they are not designating the physicians as such, the subpoenas will be quashed.

(2) If the treating physicians are timely designated as experts under Rule 26(a)(2)(C), the motion to quash the subpoenas is denied and Defendants will be permitted to take depositions if desired on or before **July 29, 2022**.

**IT IS SO ORDERED.**

Dated:  July 1, 2022

Hon. Nita L. Stormes
United States Magistrate Judge