UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANH TUYET THAI, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; WILLIAM VILLASENOR; DULCE SANCHEZ; and STATE AND/OR LOCAL AGENTS LADA DOES 1-10,<br><br>　　　　　　　　　　　Defendants. | Case No.: 15cv583-WQH (NLS)<br><br>**ORDER:**<br><br>**(1) ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 3; and**<br><br>**(2) ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 4;**<br><br>**[ECF Nos. 263; 266]** |

　　　Before the Court are two discovery motions by the parties. ECF Nos. 263, 266. After due consideration and for the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motions.

**I.　　BACKGROUND**

　　　This is a class action lawsuit in which Plaintiffs allege that Defendants violated their constitutional rights when Los Angeles County investigators William Villasenor, Dulce Sanchez, and other unknown agents entered Plaintiffs' homes to question them

1

about their SSA applications for benefits.  ECF No. 180.  Plaintiffs allege that Defendants questioned them in a threatening manner, coercing falsified and negative testimony from them, that ultimately resulted in them either withdrawing or being benefits SSA benefits. *Id.*

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Information need not be admissible to be discoverable.  *Id.*  Once the propounding party establishes that the request seeks relevant information, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009); *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (requiring defendants "to carry heavy burden of showing why discovery was denied").

"The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (internal citation omitted).  The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." *Id.* Both discovery and Rule 26 are intended to provide parties with "efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id.*

The Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *see U.S.*

*Fidelity and Guar. Co. v. Lee Investments L.L.C.*, 641 F.3d 1126, 1136 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion.") (internal quotation and citations omitted). To the extent that the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," the court is directed to limit the scope of the request. Fed. R. Civ. P. 26(b)(2). Limits should also be imposed where the burden or expense outweighs the likely benefits. *Id.* How and when to so limit discovery, or to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," remains in the court's discretion. Fed. R. Civ. P. 26(c)(1).

## III.  DISCOVERY DISPUTE NO. 3

In Discovery Dispute No. 3, Plaintiffs seek to compel the individual defendants to produce certain of their financial information. Specifically, the requests in question recite as follows:

> Request For Production No. 1: A list of all Villasenor's real estate and personal assets, including the location, fair market value, and co-owners of those assets, the length of time of ownership, and liens or encumbrances on the assets.
>
> Request For Production No. 11: All federal, state and local income tax returns filed by defendant Villasenor and corporate entities owned by defendant for the years 2014, 2015, 2016, 2017 and 2018.
>
> Interrogatory No. 24: Identify and describe all instances in which Villasenor was promoted by LADA from 2010 to present; list all salaries increases from 2010 to present as a result of the promotions.
>
> Interrogatory No. 25: Identify and describe all instances in which Villasenor was promoted by CDI-U from 2010 to present, and list all salaries increases from 2010 to present as a result of the promotions.

ECF No. 263-2 at ¶¶ 2-3.[1] The same information is requested from Defendant Sanchez.

---

[1] The parties dispute that this discovery dispute was brought to the Court within the

The parties do not dispute that the financial information requested is relevant to Plaintiffs' request for punitive damages. *See, e.g.*, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981); *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 394 (E.D. Cal. 2009); *Vieste, LLC v. Hill Redwood Develop.*, No. 09cv4024-JSW (DMR), 2011 WL 855831, at *1 (N.D. Cal. Mar. 9, 2011). However, the parties dispute the timing of the disclosure of this information. Plaintiffs state that they are entitled to this information in advance of trial. ECF No. 263 at 6. Defendants argue that financial information should be withheld until a jury returned a verdict on punitive damages but in advance of the punitive damages trial phase, and represents that the parties reached such an agreement before Plaintiffs changed their position. *Id.* at 17.

District courts in the Ninth Circuit have identified two approaches to this issue. *E.E.O.C.*, 258 F.R.D. at 394. The majority of courts hold that "a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages." *Id.* (citing cases); *Vieste*, 2011 WL 855831, at *2 ("While some federal courts have required a prima facie showing of entitlement to punitive damages before ordering discovery, the majority have not."); *LL B SHEET 1, LLC v. Loskutoff*, No. 16cv2349-BLF (HRL), 2016 WL 7451632, at *2 (N.D. Cal. Dec. 28, 2016) ("[T]he majority of federal courts to have considered this issue have declined to postpone the disclosure of financial condition and net worth information."); *see also Barajona v. C & R Canoga Park, LP*, No. 19cv2150-TJH (PLA), 2019 WL 8886021, at *4 (C.D. Cal. Dec. 4, 2019) (citing cases); *Bakersfield Pipe & Supply, Inc. v. Cornerstone Valve, LLC*, No. 14cv1445-JLT, 2016 WL 3538251, at *4 (E.D. Cal. June 29, 2016) (citing cases); *Elizabeth Arden, Inc. v. Merchant of Tennis, Inc.*, 10cv9949-PA (AGR), 2012 WL

---

timing required under the Court's Rules. ECF No. 263 at 11, 20-22. Defendants are correct that under the Court's Rules, the dispute itself must be brought within 45 days of the responses, not that the meet and confer discussion be initiated within that time. However, in this one instance, the Court will permit this dispute to be heard.

4

15cv583-WQH (NLS)

13006203, at *3 (C.D. Cal. Apr. 23, 2012). The minority of courts holds that a "plaintiff must first allege specific facts sufficient to support a claim for punitive damages." *E.E.O.C*, 258 F.R.D. at 394 (citing cases).

The Court finds it appropriate here to adopt the majority approach. The cases that Defendants cite to argue for the minority approach are not persuasive. First, *E.E.O.C.* discusses both approaches, recognizing the majority and minority approaches, and finds that under either approach, an appropriate showing has been met—it does not adopt the minority approach. *E.E.O.C*, 258 F.R.D. at 395. The other case cited by Defendants, *Garcia v. City of Imperial*, 270 F.R.D. 566 (2010), has been distinguished by other cases. *See Vieste*, 2011 WL 855831, at *3 ("However, Garcia is distinguishable from this case, as it involved § 1983 claims against individual police officers for alleged excessive use of force. Such cases implicate an additional layer of liability analysis on the question of qualified immunity for police officers. Under those circumstances, the court concluded that the plaintiff was not entitled to discovery regarding the defendant officers' personal finances absent some showing of entitlement to punitive damages."); *see also LL B SHEET 1*, 2016 WL 7451632, at *2. Thus, the Court finds that it is appropriate to order production of financial information of the individual defendants prior to trial.

However, the Court must still determine the appropriate scope of financial information that should be disclosed. Even when ordering disclosure, Courts have routinely limited the production to <u>current</u> financial information. *Vieste*, 2011 WL 855831, at *3 ("Plaintiffs are entitled to discover only those documents and information necessary to establish Defendants' current financial condition and net worth."); *E.E.O.C.*, 258 F.R.D. at 395 (requiring production only of balance sheets, statements of income, and statements of cash flow for 2 years as sufficient to "obtain a picture of Defendant's financial condition"); *Barajona*, 2019 WL 8886021, at *5 (ordering production "sufficient to identify defendant's current net worth and revenues"). Thus, the Court **GRANTS IN PART** the motion to compel. Defendants Villasenor and Sanchez must produce documents and respond to interrogatories sufficient to establish their

current financial condition. The response must be made **within 21 days of this Order** and will be made subject to the Protective Order in place in the case. *See* ECF No. 167.

Because the Court is ordering production of this financial information, with regard to the tax returns, the Court **DENIES** the motion to compel the returns. *See Vieste*, 2011 WL 855831, at *4 (denying production of tax returns because "less intrusive method[s] of discovering financial information will likely provide Plaintiffs with the information they seek"); *LL B SHEET 1*, 2016 WL 7451632, at *2 (holding the same).

## IV. DISCOVERY DISPUTE NO. 4

In Discovery Dispute No. 4, Plaintiffs seek to compel Defendants to respond to two interrogatories and one request for production. The Court will address each of these requests in turn.

### A. Interrogatory Nos. 8 and 9

Interrogatory Nos. 8 and 9 recite as follows:

> INTERROGATORY NO. 8: Identify and describe all instances in which Los Angeles District Attorney (LADA) imposes discipline on any LADA or County personnel relating to searches from 2010 to present.
>
> INTERROGATORY NO. 9: Identify and describe all instances in which County imposes discipline on any LADA or County personnel relating to searches from 2010 to present.

ECF No. 266 at 5.

Plaintiffs argue that the information sought here relates to their *Monell* claims, which allege that the County failed to adequately train and supervise its personnel. *Id.* at 6-7. Plaintiffs argue that the scope is reasonable because they ask for years right before and after the January 2014 incidents. *Id.* at 7-9. Finally, Plaintiffs argue that no privilege applies to protect this information from discovery. *Id.* at 11, 18-20.

Defendants argue that these requests are disproportionate to the needs of the case. *Id.* at 28. Specifically, Defendants argue that these requests should be narrowed in timing and also be limited to the records of officers who are involved in conduct similar to the allegations in the complaint. *Id.* at 29-31. Thus, Defendants argue that the scope should

be narrowed to a 5-year period and be limited to those in the LADA department. *Id.* at 31. Defendants state that they have "provided a substantive response to this reasonably narrowed scope" and have confirmed that there have been no discipline or formal/information complaints against LADA investigators related to warrantless searches. *Id.* at 31.

The Court finds that the narrowed scope already agreed to by Defendants is reasonable and proportionate to the needs of the case. Accordingly, the motion to compel further responses as to these two interrogatories is **DENIED**.

### B. Request for Production No. 80

Request for Production No. 80 recites as follows:

> <u>Requestion for Production No. 80</u>: Salary and compensation structure for all County personnel, including investigators, including bonus for bilingual personnel, and number of bilingual investigators covered by the bonus for the period of 2000 to the present.

ECF No. 266 at 21.[2]

Plaintiffs specifically seek this information to confirm that the County had a two-tiered salary structure where bilingual investigators, like the individual defendants, received a language bonus on top of their standard salaries. *Id.* at 22. Plaintiffs argues that this information is relevant to prove the County's "knowledge that language fluency is necessary, if not indispensable, for investigators to competently perform their investigative task." *Id.* at 23. Thus, Plaintiffs argue that this request is relevant to their equal protection and due process claims since Defendants Villasenor and Sanchez were Spanish-speaking and not Vietnamese-speaking investigators who were went to

---

[2] It appears that this request originally asked for "All DOCUMENTS and COMMUNICATIONS RELATING TO the salary structure for County investigator, including bonus for bilingual investigators, for the period of 2000 to the present," but was replaced by the recited language as a result of a meet-and-confer between the parties. ECF No. 266 at 21.

interrogate Plaintiffs. *Id.* at 22-24. In addition, Plaintiffs contend that their request narrow in scope and not protected by any privilege. *Id.* at 24-28.

Defendants counter that this request, seeking 22 years of salary structure for all county investigators, is not relevant or even tethered to any allegations in the complaint. *Id.* at 37. Even as potentially relevant to Plaintiff's allegations related to discrimination against Vietnamese-speaking applicants as opposed to Spanish-speaking applicants, Defendants argue that Plaintiffs never sought information on whether LADA employed any Vietnamese-speaking investigators. *Id.* at 39. In addition, Defendants argue that Plaintiffs failed to meaningfully meet and confer on this request, as required by the Court's rules. *Id.* at 40-41.

The Court agrees with Defendants and fails to see the relevance of this request as related to the purported information it targets. Accordingly, the motion to compel on this request for production is **DENIED**.

## V.     CONCLUSION

For the reasons discussed above, the motions presently before the Court are **GRANTED IN PART** and **DENIED IN PART** as follows:

(1)   **Within 21 days of this Order**, Defendants Villasenor and Sanchez must produce documents and respond to interrogatories sufficient to establish their current financial condition.

(2)   The motion to compel tax returns is **DENIED**.

(3)   The motion to compel regarding Interrogatory Nos. 8 and 9 and Request for Production 80 is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 21, 2022

Hon. Nita L. Stormes
United States Magistrate Judge